IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW COUCH,<br><br>　　　　Plaintiff,<br><br>v.<br><br><br>VERIZON COMMUNICATIONS, INC.;<br>MICHAEL ISIKOFF; NATIONAL PUBLIC<br>RADIO, INC.; AARON RICH; DEBORAH SINES;<br>JOE CAPONE; and MARK MUELLER,<br><br>　　　　Defendants. | Case No. 1:20-2151-RJL |

**DEFENDANT NATIONAL PUBLIC RADIO, INC.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND................................................................ 1

ARGUMENT ............................................................................................................................ 4

CONCLUSION ......................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Butowsky v. Folkenflik*,
    No. 4:18-cv-442-ALM-CMC (E.D. Tex. Oct. 29, 2020) .......................................................... 2

*Chen v. District of Columbia*,
    256 F.R.D. 263 (D.D.C. 2009) ................................................................................................. 4

*\*Colston v. First Guarantee Commercial Mortgage Corp.*,
    665 F. Supp. 2d 5 (D.D.C. 2009) ......................................................................................... 6, 7

*Light v. Wolf*,
    816 F.2d 746 (D.C. Cir. 1987) ................................................................................................. 4

*\*Mann v. Castiel*,
    681 F.3d 368 (D.C. Cir. 2012) ......................................................................................... 4, 5, 6

*\*Morrissey v. Wolf*,
    333 F.R.D. 1 (D.D.C. 2019) .................................................................................................. 5, 6

*Prunte v. Universal Music Group*,
    248 F.R.D. 335 (D.D.C. 2008) ................................................................................................. 5

*Williams v. Geico Corp.*,
    792 F. Supp. 2d 58 (D.D.C. 2011) .......................................................................................... 4

*Wolf v. Menh*,
    810 F. App'x 10 (D.C. Cir. 2020) ........................................................................................... 6

**Other Authorities**

Federal Rule of Civil Procedure 4 .................................................................................... 3, 4, 5

Federal Rule of Civil Procedure 12 ...................................................................................... 1, 7

Defendant National Public Radio, Inc. ("NPR"), by its undersigned counsel, respectfully moves this Court for an order pursuant to Federal Rule of Civil Procedure 12(b)(5) dismissing all claims against it for insufficient service of process. Plaintiff's failure to effectuate service in a timely manner is inexcusable, and his claims should be dismissed for the reasons provided in the following memorandum of points and authorities:

## INTRODUCTION

This is a retaliatory defamation lawsuit – an admittedly "related case" – brought against Aaron Rich and six other Defendants by Plaintiff Matthew Couch ("Couch"), a proponent of an improbable political conspiracy theory who now attempts to punish NPR for allegedly allowing a talk show guest to criticize him. But Couch's attempt to ensnare NPR in his web of conspiracy stumbles out of the gate, because Couch did not serve the Complaint on NPR until *after* the 90-day service deadline mandated by the Federal Rules of Civil Procedure had expired. Moreover, Couch has no good cause for his failure to follow the rules, and his counsel has admitted as much by acknowledging that the missed deadline was due to his own neglect. Because Plaintiff has no excuse for his failure to comply with the federal service rules, this Court should exercise its discretion to dismiss the claims against NPR pursuant to Rule 12(b)(5).

## FACTUAL AND PROCEDURAL BACKGROUND

As the Court knows from presiding over the designated related case (*Rich v. Butowsky, et al.*, No. 1:18-cv-681-RJL), this is one of several lawsuits in courts across the country involving one aspect or another of the 2016 killing of former Democratic National Committee ("DNC") staffer Seth Rich. Plaintiff Matthew Couch is a proponent of the theory that Rich had leaked thousands of internal DNC emails to the website WikiLeaks and was murdered as a result. *See, e.g.*, Compl. ¶¶ 37-38 (Dkt. 1). In the related litigation, Seth Rich's brother Aaron Rich asserts

1

claims for defamation and other torts against Couch and another proponent of the Seth Rich leaks theory, Ed Butowsky.[1]

In this case, Couch's claims primarily arise from "Conspiracyland," a podcast from *Yahoo! News* journalist Michael Isikoff chronicling the Seth Rich controversy. *See* Compl. ¶ 1. Couch contends that Isikoff, Aaron Rich and other witnesses interviewed for Conspiracyland made false statements about Couch. *See id.* ¶¶ 41-127. Couch's claims against NPR involve an interview with Isikoff for the program *Fresh Air* that was broadcast on August 8, 2019.[2] *Id.* ¶¶ 129-34. Couch alleges (without specifying the actual content of the interview) that Isikoff called him part of an "Internet horde" that was "hounding" Aaron Rich, and that Isikoff said Couch had claimed that Defendant Joe Capone, the former manager of the bar Seth Rich visited the night he was killed, had met at the White House with aides to Hillary Clinton shortly before the killing. *Id.* ¶¶ 130-31. Couch alleges that those comments by Isikoff were "intended to link Couch to the most extreme and vicious theories circulating on the backwater of the Internet—that Hillary Clinton had assassinated or ordered the assassination of Seth Rich." *Id.* ¶ 131.

---

[1] As a matter of court record, Butowsky asserted defamation and other claims against NPR and several of its journalists in the U.S. District Court for the Eastern District of Texas over NPR's reporting about Butowsky's involvement in the Seth Rich controversy. By stipulation, that case was recently dismissed with prejudice. Although each party agreed to pay its own fees and costs, dismissal came only a few months after an award of more than $60,000 in attorneys' fees to NPR due to Butowsky's discovery misconduct (which included failing to produce to NPR relevant documents he had produced to Aaron Rich pursuant to an order by this Court). *See* Order of Dismissal, *Butowsky v. Folkenflik, et al.*, No. 4:18-cv-442-ALM-CMC (E.D. Tex. Oct. 29, 2020) (Dkt. 217).

[2] As further evidence of Plaintiff's carelessness in assembling this action, the Complaint erroneously states that the broadcast occurred on August 8, 2020, which was two days *after* Couch filed the Complaint. *Compare* Compl. ¶ 129 *with* Dave Davies, *'Conspiracyland' Debunks Theories About Murder of DNC Staffer Seth Rich*, Fresh Air (Aug. 8, 2019), https://www.npr.org/2019/08/08/749392506/conspiracyland-debunks-theories-about-murder-of-dnc-staffer-seth-rich.

The 50-page Complaint asserts claims against all Defendants for defamation (*id.* ¶¶ 135-42); defamation *per se* (*id.* ¶¶ 143-49); intentional infliction of emotional distress (*id.* ¶¶ 150-56); false light (*id.* ¶¶ 157-59); civil conspiracy (*id.* ¶¶ 160-67); aiding and abetting (*id.* ¶¶ 168-72); and intentional interference with business relations (*id.* ¶¶ 173-77). The Complaint also alleges claims for negligent supervision and retention against Defendants Verizon Communications, Inc. and NPR. *Id.* ¶¶ 178-90. Couch seeks damages totaling $75 million, plus an unspecified amount of punitive damages, attorneys' fees and costs, and "injunctive relief, including but not limited to removal of the false and defamatory materials from any websites, podcasts or publications over which Defendants have control." *Id.* at 49-50 (prayer for relief).

Couch filed this action on August 6, 2020. *See generally* Compl. The clerk's office issued summonses, including one for NPR, the following day, August 7. *See* Dkt. 3. Thus, the 90-day deadline for service pursuant to Federal Rule of Civil Procedure 4(m) expired on November 4, 2020. Couch served process on NPR's registered agent, the Corporation Service Company ("CSC"), on November 6, 2020. *See* Declaration of Micah Ratner ("Ratner Decl.") ¶ 3 & Ex. A (CSC notification of service). When NPR's counsel informed Couch's counsel of the missed deadline, he expressed surprise, then admitted that he was "just going on three months [from the date of filing]," and that it was "obviously a law firm type error there." Declaration of David J. Bodney ("Bodney Decl.") ¶ 3. In a later email, Plaintiff's counsel acknowledged that he "mis-calendared the date for service" of the Couch complaint. *Id.* ¶ 5 & Ex. A. Finally, in a follow-up telephone conversation, Plaintiff's counsel offered different explanations, including that "everything takes longer" because of the COVID-19 pandemic. *Id.* ¶ 6.

3

NPR now moves this Court for an order dismissing the claims against it without prejudice because Couch did not effect timely service, nor does he have good cause for his neglect of the federal service rules.

## ARGUMENT

Proper service of process "is not some mindless technicality." *Williams v. Geico Corp.*, 792 F. Supp. 2d 58, 65 (D.D.C. 2011) (citation omitted). Rather, it is a due process requirement "fundamental to any procedural imposition on a named defendant." *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999)). Thus, "[c]ourts routinely dismiss cases for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure" where service is botched. *Chen v. District of Columbia*, 256 F.R.D. 263, 266 (D.D.C. 2009).

Rule 12(b)(5) provides the mechanism for a court to dismiss claims without prejudice because of a failure to properly serve a defendant. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). Where service is challenged, the plaintiff has the burden to show service was proper. *Mann*, 681 F.3d at 372; *Light*, 816 F.2d at 751 ("[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.") (internal punctuation and citation omitted).

Federal Rule of Civil Procedure 4(m) sets a firm deadline of 90 days from the filing of the complaint to effect proper service on a defendant. The Rule provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

4

Fed. R. Civ. P. 4(m).  In other words, if the court finds the plaintiff had good cause for missing the service deadline, it must grant an extension; otherwise the court has discretion to either extend the deadline or dismiss the case.  *Morrissey v. Wolf*, 333 F.R.D. 1, 2-3 (D.D.C. 2019).

A plaintiff has "good cause" for missing the Rule 4(m) deadline "when some outside factor rather than inadvertence or negligence, prevented service," thus providing "a valid reason for delay."  *Mann*, 681 F.3d at 374-75 (internal marks and citations omitted).  A plaintiff "must employ a reasonable amount of diligence" in attempting service to be able to show good cause.  *Prunte v. Universal Music Grp.*, 248 F.R.D. 335, 338-39 (D.D.C. 2008).  A mistake by plaintiff's counsel such as misunderstanding the rules does not constitute good cause.  *Morrissey*, 333 F.R.D. at 2 (no good cause where plaintiff's counsel apparently "misread or ignored" applicable rule) (citing *Mann*, 681 F.3d at 374 ("Good cause exists 'when some outside factor . . . rather than inadvertence or negligence, prevented service.'") (citation omitted)).  In the absence of good cause, "dismissal of a case pursuant to Rule 4(m) is appropriate when the plaintiff's failure to effect proper service is the result of inadvertence, oversight, or neglect . . . and dismissal leaves the plaintiff in the same position as if the action had never been filed."  *Mann*, 681 F.3d at 376 (citations omitted).

Here, Couch did not serve NPR until November 6, two days after the 90-day deadline expired.  Ratner Decl. Ex. A.  Couch has no excuse for this failure.  The clerk's office provided a signed summons for NPR on *August 7, the day after Couch filed his Complaint.  See* Dkt. 3.  NPR in no way tried to evade service.  To the contrary, it is no secret that NPR's registered agent for service of process is CSC – one of the most commonly used corporate agents in the United States.  The address of CSC's office in the District of Columbia is available via a simple internet search.  *See* Ratner Decl. ¶ 2.

5

In short, there were no barriers to timely service of NPR other than Couch's neglect. Indeed, on November 17, 2020, before filing this Motion, NPR's counsel reached out to Plaintiff's lawyer, Eden Quainton, to meet and confer on the issue. When informed of the late service and NPR's plan to file this Motion, Plaintiff's counsel admitted that he was "just going on three months [from the date of filing]," and that it was "obviously *a law firm type error* there." Bodney Decl. ¶ 3 (emphasis added). Later, Mr. Quainton wrote that he "mis-calendared the date for service" of the Couch complaint. *Id.* ¶ 5. Such is not the stuff of good cause within the meaning of the Rule. Rather, it is exactly the kind of "inadvertence, oversight, or neglect" that makes "dismissal of a case pursuant to Rule 4(m) [ ] appropriate." *Mann*, 681 F.3d at 376 (citations omitted).

That Couch's libel and related claims against NPR would be time-barred if dismissed does not change that dismissal is required. The broadcast in question occurred on August 8, 2019, and therefore the District of Columbia's one-year statute of limitations for defamation and factually intertwined claims has run. *Wolf v. Menh*, 810 F. App'x 10, 11 (D.C. Cir. 2020).

The expiration of the statute of limitations is one equitable factor courts may consider in determining whether to grant a discretionary extension. *Mann*, 681 F.3d at 376. But the fact that dismissal may render the claims time-barred does not give a plaintiff a free pass to miss the deadline. *See, e.g.*, *Morrissey*, 333 F.R.D. at 3 ("*Mann* does not say that dismissal is appropriate only when a plaintiff would be able to refile his action."). Instead, the expiration of the limitations clock is "just one factor among many" for the court to consider. *Colston v. First Guarantee Commer. Mortg. Corp.*, 665 F. Supp. 2d 5, 10 (D.D.C. 2009).

In *Colston*, the court dismissed the plaintiff's claims against a defendant she had not served within the Rule 4(m) deadline, despite the fact that she had filed suit two days before the statute of limitations expired and therefore would not be able to re-file. *Id.* Although the time bar would

6

prejudice the plaintiff, dismissal was proper because the late-served defendant was not evading service and would have been prejudiced by having to defend against a time-barred claim. *Id.*

The same is true here. NPR has done nothing to evade service and would be severely prejudiced by being forced to defend time-barred claims. The Court, too, would be burdened by having to adjudicate further motions practice regarding the manifest lack of substantive merit of Couch's claims against NPR. It would be inequitable for Couch to benefit from waiting to file suit until two days before the statute of limitations expired, then dawdling for another 13 weeks before finally attempting to effect service after the deadline had passed.

In short, because Couch did not properly serve NPR under Rule 4(m), and because he has no good reason to be excused from this failure, his claims against NPR should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant National Public Radio, Inc. respectfully requests that this Court grant this Motion and issue an order dismissing all claims against it without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5). A proposed Order is attached.

Dated: November 25, 2020          BALLARD SPAHR LLP

By:  */s/ Matthew E. Kelley*

Matthew E. Kelley (D.C. Bar No. 1018126)
kelleym@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW
Washington, D.C. 20006-1157
T: (202) 508-1112
F: (202) 661-2299

David J. Bodney (D.D.C. Bar No. AZ0022)
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004

Tel: (602) 798-5400
Fax: (602) 798-5595
bodneyd@ballardspahr.com

*Counsel for Defendant National Public Radio, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of November, 2020, I caused the foregoing to be filed and served electronically via the Court's CM/ECF system upon counsel of record.

/s/ *Matthew E. Kelley*
Matthew E. Kelley