# **Exhibit A**

**From:** Eden Quainton <EQuainton@dunnington.com>
**Sent:** Friday, November 20, 2020 4:17 PM
**To:** Bodney, David J. (PHX) <BodneyD@ballardspahr.com>
**Subject:** RE: Couch v. Verizon Communications, Inc., et al. - briefing schedule

⚠ **EXTERNAL**

Mr. Bodney,

If I mischaracterized our conversation, I apologize.  I thought you had said that you would also want an extension of time to respond in the event you could not convince me that a voluntary dismissal would be appropriate.  To the extent that is not the case, I am happy to proceed on the timetable set by the rules.  However, I do have a couple of points.

First, as to the two day delay in service. This was an error on my part resulting from a calendaring issue and the transition of my files from my own private practice to my new firm. I would hope the Court would apply Federal Rule 4(m) equitably and excuse the late service.  In light of the request of the two other defendants for an express request for an extension without any suggestion of prejudice, I was hoping that you would not oppose a request for a two-day nunc pro tunc extension.  Your reliance on Morrissey v. Wolff, 333 F.R.D. 1 (D.D.C. 2019) is misplaced.  In that case, the Court expressly notified the Plaintiff in an unambiguous minute order that his complaint would be dismissed if he did not comply with his obligations by a date certain.  Id. at 3.  Indeed, the minute entry on the Court's docket, which followed a previous order reminding the parties of their obligations, stated that failure to serve by the date specified by the Court "**will result in dismissal** of this case." Morrissey v. McAleenan, 19-cv-01956, September 9, 2019 Minute Order (emphasis added).  There is no suggestion I have willfully ignored an express court order. Moreover Morrissey involved the narrow issue of service on an officer of the United States under Federal Rule 4(i)(2), which is not at issue here.  Finally, as a matter of substance, and notwithstanding the Court's injunction, the Plaintiff in Morrissey failed to comply with the substantive requirements of Rule 4(i)(2).  Morrissey, 333 F.R.D. at 3.  There is no suggestion of any substantive failure here.

Second, as to our discussion on voluntary dismissal, I certainly am not backing out of our agreement to discuss the issue further.  When I said that I was an avid consumer of case law, I thought you would send me something substantive to support your position that NPR does not face liability when it recklessly permits a talk show guest to smear a third party.  I would be interested in seeing your best cases in support of this proposition. I am available to discuss your position Monday afternoon after 2 p.m. or Tuesday after 12 p.m.

Sincerely,

Eden


Eden P. Quainton
Partner
**DUNNINGTON BARTHOLOW & MILLER LLP**
230 Park Avenue, 21st Floor

New York, New York 10169
Telephone: +1.212.682.8811
Email: EQuainton@dunnington.com

---

**CONFIDENTIALITY NOTE**: The information contained in this e-mail message and any attachment is confidential information intended for the use of the individual or entity named in this message. This information may be protected by attorney/client privilege, work product privilege or other laws, rules, and regulations providing for the protection of confidential communications. If you are not the intended recipient, you are hereby notified that any retention, use, copying or forwarding of this message is prohibited. If you have received this e-mail message in error, please contact the sender of this message by return e- mail and delete this message and any attachments.

**From:** Bodney, David J. <BodneyD@ballardspahr.com>
**Sent:** Friday, November 20, 2020 3:02 PM
**To:** Eden Quainton <EQuainton@dunnington.com>
**Cc:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Subject:** RE: Couch v. Verizon Communications, Inc., et al. - briefing schedule

Dear Mr. Quinton:

On behalf of National Public Radio, Inc. ("NPR"), I write in response to your two email messages to defense counsel in the Couch case that I received yesterday afternoon and evening (below).

Suffice it to say, your email messages yesterday are inconsistent with our telephone conversations earlier this week. Specifically, on Tuesday, November 17, I phoned your office as a professional courtesy to meet and confer with you (a) about your failure to effectuate timely service of the summons and complaint on NPR, (b) to learn whether you might have good cause for your failure to timely serve, (c) to inform you that NPR intends to file a motion to dismiss the Couch complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process, and (d) to suggest that you consider voluntarily dismissing NPR from this action.

In that November 17 call, I did *not* request an extension of any deadline on behalf of NPR, and it is therefore incorrect to say, as your email says, that "NPR is also asking for an extension." Rather, you told me that the other defendants had requested "lengthy extensions," and that it "doesn't make much sense for answers to come due" from defendants at different times. For that reason, you volunteered a willingness to extend the same lengthy extension to NPR that you had given the other defendants, but it was certainly not something I requested. Indeed, I see no need to postpone for several months the prompt reckoning with dismissal that the matter deserves. In our conversations earlier this week, you expressed no good cause for failing to meet your service deadline, and your email yesterday only confirms your lack of good cause with respect to the delay in service.

In addition, your request that defendants "consent to a request [you] intend to make to the court to grant [you] an extra two days to effect service" is inconsistent with our conversations. As you will recall, after I phoned you on November 17 and we discussed the issues summarized above, you called me back to give me your new email address and ask

2

that I send you my research in support of a court's dismissal of an action for a plaintiff's failure to effectuate timely service. (You described yourself as a believer in "consuming other people's research.") In addition, you said you would confer with your client about voluntary dismissal, and you said you would discuss that issue with me again "early next week." Attached is one case for your consideration. There are others. But does your email yesterday, which indicates your intention to request an "extra two days" for service from the court, mean that you no longer intend to discuss voluntary dismissal again with me on Monday or Tuesday?

Very truly yours,

David


David J. Bodney

**Ballard Spahr** LLP

1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
602.798.5454 DIRECT
602.798.5595 FAX

602.628.1429 MOBILE | bodneyd@ballardspahr.com
VCARD

-------------------------------

www.ballardspahr.com


**From:** Eden Quainton <EQuainton@dunnington.com>
**Sent:** Thursday, November 19, 2020 6:39 PM
**To:** ███████████████████████████████; Bodney, David J. (PHX) <BodneyD@ballardspahr.com>
**Subject:** RE: Couch v. Verizon Communications, Inc., et al. - briefing schedule

⚠ **EXTERNAL**

All,

David Bodney brought to my attention that I had mis-calendared the date for service of the Couch v. Verizon et al. complaint. The complaint should have been served on November 4, 2020, not November 6, 2020. As I am consenting to generous extensions of time to respond to the complaint, will you consent to a request I intend to make to the Court to grant me an extra two days to effect service? I do not see any prejudice to Defendants here and do not believe the issue warrants burdening the court will extensive motion practice.

Please let me know your position.

Thank you,

3

Eden

Eden P. Quainton
Partner
**DUNNINGTON BARTHOLOW & MILLER LLP**
230 Park Avenue, 21st Floor
New York, New York 10169
Telephone: +1.212.682.8811
Email: EQuainton@dunnington.com

---

**CONFIDENTIALITY NOTE**: The information contained in this e-mail message and any attachment is confidential information intended for the use of the individual or entity named in this message. This information may be protected by attorney/client privilege, work product privilege or other laws, rules, and regulations providing for the protection of confidential communications. If you are not the intended recipient, you are hereby notified that any retention, use, copying or forwarding of this message is prohibited. If you have received this e-mail message in error, please contact the sender of this message by return e- mail and delete this message and any attachments.

**[Emails involving other defense counsel redacted]**