UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Matthew Couch,**<br><br>    Plaintiff,<br><br>v.<br><br>**Verizon Communications, Inc.,**<br>**Michael Isikoff,**<br>**National Public Radio, Inc.,**<br>**Aaron Rich,**<br>**Deborah Sines,**<br>**Joe Capone,**<br>**and**<br>**Mark Mueller,**<br><br>    Defendants. | Case No. 20-cv-02151-RJL |

### DECLARATION OF EDEN P. QUAINTON IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMIS AND PLAINTIFF'S CROSS-MOTION TO EXTEND THE TIME FOR SERVICE BY TWO DAYS TO NOVEMBER 6, 2020 AND DECLARE SERVICE EFFECTIVE *NUNC PRO TUNC*

I, Eden P. Quainton, declare under penalty of perjury that the following is true and correct:

1.      I am counsel for Plaintiff Matthew Couch ("Plaintiff" or "Mr. Couch"). This declaration is based upon my personal knowledge and upon information provided to me in my official capacity.

2.      I am a Partner in the law firm of Dunnington, Bartholow & Miller LLP, and admitted to practice before this Court.

3.      On November 17, 2020 counsel for Defendant National Public Radio ("NPR") contacted me to discuss a proposed "voluntary dismissal" of Plaintiff's Complaint.

4. I believed that the primary reason for Defendant's request was substantive and requested case law in support of Defendant's position.

5. Instead, Defendant's counsel provided me with copies of two cases, *Morrissey v. Wolf*, 333 F.R.D. 1 (D.D.C. 2019) and *Colston v. First Guarantee Commercial Mortgage Corp.*, 665 F. Supp. 2d 5 (D.D.C. 2009). These cases were distinguishable from the situation confronting Plaintiff.

6. Defendant's counsel and I subsequently had a series of telephone conversations lasting well over an hour in which we discussed the application of Rule 12(b)(5) and Rule 12(b)(6) and I explained in detail the background to the "miscalendaring" of the service as well as Plaintiff's view of the substantive merits of his claims. NPR's counsel insisted that as a substantive matter Defendant would easily prevail on the merits.

7. At the conclusion of this call, Defendant's counsel indicated that he would proceed to file a motion to dismiss based on Rule 12(b)(5). I urged Defendant's counsel to fully and fairly summarize our conversation in any papers filed with the Court.

8. During the conversations, I explained that prior to joining my current firm, I had been a solo practitioner who shared a paralegal with another attorney based in New Jersey. I specifically mentioned that this paralegal is elderly and had serious Covid concerns.

9. In fact, the paralegal is 64 years old, suffers from health issues and was limiting his interactions with other attorneys as a result of the pandemic.

10. I also stressed that the Covid pandemic was causing disruption to timetables for practitioners and courts.

11. In fact, juggling the personal and the professional at this time was particularly difficult for me. My son, who suffers from a rare condition known as congenital adrenal

hyperplasia, was set to begin his college career in Oregon but returned to New Jersey to undergo sinus surgery, itself a process made more complicated by the effects of the pandemic on the provision of medical care.

12. Although I inadvertently omitted to raise this issue in discussions with opposing counsel, I had previously brought this issue to the attention of Southern District of New York in connection with a separate calendaring issue, in which the relief sought was granted by the Court.

13. Set forth as Exhibit A hereto is a true and accurate copy of a letter motion requesting an extension of time submitted to Judge George B. Daniels on September 24, 2020. Page 2 of Exhibit A discusses my son's medical issues.

14. Effective October 1, 2020, I moved to a new firm, with which I am currently a Partner, Dunnington, Bartholow & Miller, LLP.

15. Transitioning files from an older paralegal to a new team, also largely working remotely and with its own staffing and administrative challenges as a result of the Covid pandemic made the normally routine process of monitoring and checking filing and service dates far more complex than under normal, non-pandemic, non-"emergency" circumstances. I also discussed the difficulties of changing firms in the middle of a pandemic with counsel for Defendant.

16. All of the defendants, with the exception of Aaron Rich, were served on November 5 or 6, 2020.

17. Counsel for Mr. Rich waived service of a Summons and accepted service as of November 4, 2020.

18. Mr. Rich's address is confidential and, as a result, service could only be effected with the consent of counsel and waiver of service of a summons.

19. I provided the Complaint in the manner requested by Mr. Rich's attorneys.

20. Set forth as Exhibit B hereto is a true and accurate copy of email correspondence between me and Plaintiff's counsel relating to Plaintiff's waiver of service of a Summons and acceptance of service of the Complaint.

Executed: December 8, 2020

>                                     /s/_Eden P. Quainton_____
>                                     EDEN P. QUAINTON
>                                     D.C. Bar No. NY0318
>                                     DUNNINGTON, BARTHOLOW & MILLER, LLP
>                                     230 Park Ave. 21st Fl.
>                                     New York, NY 10169
>                                     212-682-88111
>                                     equainton@dunnington.com