UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Matthew Couch,** | |
| Plaintiff, | |
| v. | **Case No. 20-cv-02151-RJL** |
| **Verizon Communications, Inc.,** **Michael Isikoff,** **National Public Radio, Inc.,** **Aaron Rich,** **Deborah Sines,** **Joe Capone,** **and** **Mark Mueller,** | **Oral Argument Requested** |
| Defendants. | |

**REPLY TO OPPOSITION TO CROSS-MOTION FOR ORDER EXTENDING SERVICE DEADLINE TO NOVEMBER 6, 2020 AND DECLARING SERVICE EFFECTIVE *NUNC PRO TUNC***

EDEN P. QUAINTON, ESQ. (DC Bar No. NY0318)
DUNNINGTON, BARTHOLOW & MILLER LLP
230 Park Avenue, 21st Floor
New York, New York 10169
Tel: (212) 682-8811
Fax: (212) 661-7769
E-mail: equainton@dunnington.com
*Attorneys for Plaintiff Matthew Couch*

## LEGAL ARGUMENT

In its Opposition ("Def.'s Opp."), Dkt. 40, to Plaintiff's Cross-Motion ("Pl.'s Cross-Mot."), Dkt. 38, Defendant National Public Radio ("NPR" or "Defendant") relies primarily on *Freely v. Shanahan*, No. CV 19-286 (CKK), 2019 WL 2582533 (D.D.C. June 24, 2019). Def's Opp. at 8. According to NPR, it "would set a bad precedent" to excuse a two-day delay in service in the middle of a global pandemic. Def's Opp. at 8. But *Freely* demonstrates why Defendant's argument lacks merit. In *Freely*, the plaintiff failed to effect service within the 90-day period required by Fed. R. Civ. Pro. 4(m). *Freely*, 2019 WL 2582533 at * 1. ***Two days after*** the 90-day period had run, the court directed the plaintiff's attention to Rule 4(m). *Id.*; *Freely v. Shanahan*, 19-cv-0286 (CKK), Dkt. 3. Yet, instead of taking the harsh action requested by NPR in this case, the court provided plaintiff with an ***additional three days*** (extending the deadline by a total of five days) to effect service or show good cause why service could not be effected within the extended period. *Id*. Even then, the court waited ***four more days*** before dismissing plaintiff's case, without prejudice, 99 days after the complaint was filed. *Freely*, 2019 WL 252533 at *1.

The cases cited by Defendant in fact support the approach of the *Freely* court, which cuts in favor of granting a minor two-day extension.[1] *Battle v. District of Columbia*, 21 F. Supp. 3d 42, 45 (D.D.C. 2014), Def.'s Opp. at 3, makes clear that D.C.

---

[1] In opposing Plaintiff's Cross-Motion, Defendant incorporates and refers to its combined Memorandum in Support and Opposition to Plaintiff's Cross-Motion, docketed at Dkt. 39, Dkt. 40 ("Def.'s Reply and Opp."). *See* Def's Opp. at 8 ("as the preceding sections show"). Accordingly, in his Reply, Plaintiff also refers to cases cited in Def.'s Reply and Opp. and where necessary for clarity, also references his combined Opposition and Cross-Motion, docketed at Dkt. 37, 38 ("Pl.'s Opp. and Cross-Mot.").

1

Circuit courts routinely grant extensions of time for "minor delays." *See also Rynn v. Jaffe,* 457 F. Supp. 2d 22, 24 (D.D.C. 2006)(excusing "slight" two-day delay in service, even after plaintiff missed two prior deadlines, to avoid "extreme sanction" of dismissal). *Battle* itself illustrates the lengths courts go to avoid procedurally foreclosing plaintiffs for service delays: the plaintiff in that case waited four hundred days after filing his complaint and three hundred days after the 90-day deadline had expired before seeking additional time to serve the complaint. *Battle*, 21 F. Supp. 3d at 45. But even there, because of the "strong preference" of courts in the D.C. Circuit for resolving issues on the merits, the court granted plaintiff an ***additional*** thirty days to effect service of the summons. *Battle*, 21 F. Supp. 3d at 48.

This is at the polar opposite of the situation before the Court now, where Plaintiff is only asking the court to excuse a two-day delay in service that has ***already*** been properly effected on Defendant.[2] Since NPR has already been properly served in all respects save the slight delay, there is no need for the court to grant any additional time for service; rather, the court can simply declare that service is effective, *nunc pro tunc*, as of November 4, 2020, 90 days after Plaintiff's Complaint was timely filed. Nothing

---

[2] Defendant claims that Plaintiff is being "transparently disingenuous" in arguing that service was proper in all respects other than the admitted two-day delay in service. Def's Opp. at 9. This is itself disingenuous. In stating that service was proper, Plaintiff was obviously not ignoring the two-day delay. Rather, Plaintiff was contrasting his service on the proper defendant in the proper manner with the conduct of plaintiffs in cases cited by Defendant, where the wrong party was served or a statutory process for service was ignored. *See* Pl. Opp. and Cross-Mot., at 5-6.

Defendant cites supports the harshness of its position or justifies the denial of a slight two-day extension of time to serve the Complaint.[3]

Here, Plaintiff has provided a detailed explanation for the two-day delay in service. Plaintiff's Opp. and Cross-Mot. at 6-8. Although the genesis of the service issue was a mistaken calculation and entry on counsel's litigation calendar, the effects of the Covid pandemic disrupted the normal process of checking and verifying the calendar dates: as a solo-practitioner, counsel relied on a paralegal for his calendaring and verifications, but that paralegal is in a vulnerable age bracket and had limited availability because of the pandemic. *Id.* at 6-7. When counsel moved to a firm, he faced new staffing and logistical issues triggered by the pandemic that also disrupted and interfered with the regular process of checking and confirming calendar entries. *Id.* at 7-8. Counsel's personal circumstances further had a disruptive effect on his normal calendar review. *Id.* at 7. These external circumstances, particularly the once in a lifetime global pandemic

---

[3] Defendant's only real case in support is *Medley v. Donaldson*, No. CIV.A. 03-1482 (GK), 2004 WL 716771, at *3 (D.D.C. Mar. 24, 2004), Def.'s Reply and Opp. at 6 (dismissing complaint without prejudice following a one-day delay in service). But *Medley* is an outlier in the DC Circuit and should not be relied on as precedent. Counsel's conduct there was particularly unprofessional and inexplicable. Counsel did not provide **_any_** arguments to the court or opposing counsel either for a mandatory **_or_** discretionary extension of time. *Medley v. Donaldson*, 2004 WL 716771 at * 2 and Note 3. Counsel promised the court that she would provide a document "under seal" addressing the service of process issue but failed to file the promised document. *Id.* Instead, counsel requested two extensions of time to respond to Defendant's motion, both of which were granted by the court. *Medley v. Donaldson*, 03-cv-1482, Dkt. 16,17, 18. When counsel finally did respond, she **_still_** did not even address the service of process issue. *Medley v. Donaldson*, 03-cv-1482, Dkt. 19. Moreover, Plaintiff's counsel had a troublesome history of filing cases and leaving them on the docket without taking action. *Medley v. Donaldson*, 2004 WL 716771 at *3 and Note 4 (noting that Plaintiff had recently had three other cases dismissed for failure to effect service in a timely manner). Nothing could be further from the facts here.

that interrupted smooth law office functioning for months, clearly constitute mitigating circumstances and provide a valid reason for a slight two-day delay in service. Even if "good cause" requires an "external" basis, the impact of the Covid pandemic – with its staffing disruptions, limitations on access to offices and files, and the resulting interruption of normal firm case verification and monitoring – was plainly of an "external" nature and outside the reasonable control of counsel. In the context of the ongoing Covid pandemic, there was "good cause" for a slight two-day delay in service.

Defendant would have this Court believe that the failure to seek an extension of time before the running of the 90-day period for service precludes a finding of good cause. Def's Opp. at 4. In support of this novel proposition, Defendant mischaracterizes *Reshard v. Stevenson*, 801 F. App'x 790, 791 (D.C. Cir. 2020). Like *Freely*, *Reshard* supports Plaintiff's, not Defendant's position. After plaintiff in *Reshard* failed to complete service of process within the requisite 90 days, the district court granted a ***60-day*** extension. *Id.* Contrary to Defendant's imaginary proposition, the court did not deny the 60-day extension because the plaintiff had failed to provide good cause in advance of the running of the 90-day deadline. On the contrary, the court ***granted*** the motion for a 60-day extension even though it was filed 12-days ***after*** the running of the time for service. *See Reshard v. Stevenson*, 18-cv-0775, Dkt. 13 at 2, 5. It was only when plaintiff failed to effect service ***despite*** the 60-day extension that the court dismissed the case without prejudice. *Reshard v. Stevenson*, 801 F. App'x at 791. On appeal, in sustaining the trial court's decision, the court noted that there was no indication that plaintiff's substantive rights would be affected by the dismissal. *Id.* The court also indicated that the district court's failure to consider additional extensions, beyond the 60 days granted, and

4

the lack of notice before the dismissal, may have provided grounds for reversal. *Id.* However, appellant failed to raise any of these issues on appeal. *Id.* Saying that an appellant is not entitled to relief if he fails to raise a meritorious argument on appeal has nothing to do with Defendant's flight of fancy, where the ***granting*** of a sixty-day extension is transformed into grounds for ***denying*** a two-day extension.

In fact, Defendant is clutching at straws and resorts to deceptive citation practice in attempt to shore up its case. According to Defendant, *Freely* stands for the proposition that "it would be prejudicial to expend resources defending a lawsuit that may not be timely." Def's Reply and Opp. at 5-6. Defendant cuts off the last four words of the citation, which are critical to the point being made by the court, that there could be prejudice in defending against a case that was time-barred "***as of its filing***." *Freely*, 2019 WL 2582533 at *2. But here, Plaintiff's claim ***was*** timely filed. *See* Pl.'s Opp. and Cross-Mot. at 10-11. Moreover, Defendant not only misstates the facts but distorts the law. It is settled that once a complaint is filed, the statute of limitations is tolled unless and until the district court dismisses the action. *Mann v. Am. Airlines*, 324 F.3d 1088,1091 (9th Cir. 2003). It is thus false to refer to the Complaint as "time-barred."[4]

---

[4] The issue is that if the Court were to dismiss the Complaint without prejudice and Plaintiff then attempted to refile and re-serve the Complaint, it could ***become*** time-barred, not that it was or currently is time-barred. *Battle*, 21 F. Supp. 3d at 47 ("once a suit is dismissed, even if without prejudice, the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing"). The dismissal without prejudice could become a dismissal with prejudice, contrary to the text and spirit of Rule 4(m).

But even in the alternate universe in which NPR constructs its false arguments, the cases overwhelmingly support Plaintiff's contention that the prejudice to Plaintiff from the permanent loss of a claim vastly outweighs the inconvenience of responding to a claim on the merits that Defendant, like all defendants, would rather not address. Pl. Opp. and Cross Mot. at 10. The best Defendant can come up with is that the prejudice to Plaintiff does not ***mandate*** a result in Plaintiff's favor. Def.'s Reply and Opp. at 5. This is true, but irrelevant. Plaintiff never maintained that the Court was ***required*** to rule in his favor if he could not make out a showing of good cause to the Court's satisfaction. That would be absurd. Rather, Plaintiff maintains that after balancing all the relevant factors, including the potentially irreversible harm to Plaintiff, the impact of the Covid pandemic, the minor delay, and the lack of material prejudice to Defendant, the Court ***should*** exercise its discretion to permit a slight two-day extension of the service deadline.[5]

Defendant attempts to justify the harshness of the result it advocates by citing to a First Amendment principle that courts should "expeditiously" "weed" out "unmeritorious" claims. *Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 109-10 (D.C.

---

[5] In attempting to swim against the tide, Defendant not only deceptively truncates case citation as noted above, but also misapplies case law. In *Gibson v. Freeman*, 941 A.2d 1032 (D.C. 2008), Def.'s Reply and Opp. at 5, Defendant suggests the court's decision indicates a balancing of harms that would work in its favor, but pointedly ignores the main thrust of the case, which was that the prejudice to plaintiff in losing his rights forever weighed ***in favor*** of vacating the dismissal of plaintiff's case. *Id.* at 1035 (dismissal pursuant to Rule 4(m) "most likely did amount to a dismissal with prejudice" which would "would weigh in favor of an order vacating the dismissal"). As the D.C. Circuit has affirmed in *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1021 (D.C. Cir. 2004), cited in Def.'s Reply and Opp at 6 and Note 3, a dismissal that would effectively be "the death knell of the lawsuit" should be used only as a "last resort." Such drastic action should not be the ***first*** response to a slight delay.

Cir. 2017) (Kavanaugh, J.). *See* Def's Reply and Opp. at 6. But *Kahl* is irrelevant to a procedural question of whether a service deadline should be extended by two days to permit a consideration of the merits. Indeed, it would be reversible error for a court to consider the merits of a claim on a purely procedural motion. *See, e.g.*, *Graham v. U.S. Bank Nat'l Ass'n*, No. 1:10-CV-2196-TWT-AJB, 2011 WL 13319605, at *1 and Note 3 (N.D. Ga. Feb. 9, 2011), *report and recommendation adopted sub nom. Graham v. U.S. Bank Nat'l Ass'n, N.A.*, No. 1:10-CV-2196-SCJ, 2011 WL 13319648 (N.D. Ga. Mar. 16, 2011). *Kahl* itself involved a ruling on a summary judgment motion after a factual record had already been established and has nothing to do with a case whose legal sufficiency has not even been assessed. *See Kahl*, 856 F.3d at 115-116. The First Amendment should not be pressed into service to prevent defamation plaintiffs from even being heard.

## CONCLUSION

For the reasons set forth above, the Court should enter an order extending the deadline for service of the complaint to November 6, 2020 and declaring service effective *nunc pro* tunc as of November 4, 2020.

Dated: December 22, 2020

>*/s/ Eden Quainton*_____
>EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
>DUNNINGTON, BARTHOLOW & MILLER, LLP
>230 Park Ave. 21st Floor
>New York, NY 10169
>Telephone: (212) 682-8811
>E-mail: equainton@dunnington.com
>*Attorneys for Plaintiff Matthew Couch*

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on December 22, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for National Public Radio.

                        **DUNNINGTON, BARTHOLOW & MILLER, LLP**

                        */s/ Eden Quainton*_____
                        EDEN P. QUAINTON, ESQ.
                        230 Park Ave. 21st Floor
                        New York, New York 10169
                        Telephone: (212) 682-8811
                        E-mail: equainton@gmail.com
                        *Attorneys for Plaintiff Matthew Couch*