# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MATTHEW COUCH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:20-cv-02151-RJL |
| VERIZON COMMUNICATIONS INC. | * | |
| and | * | |
| MICHAEL ISIKOFF | * | |
| and | * | |
| NATIONAL PUBLIC RADIO, INC. | * | |
| and | * | |
| AARON RICH | * | |
| and | * | |
| DEBORAH SINES | * | |
| and | * | |
| JOE CAPONE | * | |
| and | * | |
| MARK MUELLER | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO DISMISS

Defendants Verizon Communications Inc. and Michael Isikoff (collectively, "Defendants") respectfully move this Court pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure to dismiss Plaintiff Matthew Couch's ("Plaintiff") Complaint for insufficient service of process. Plaintiff failed, without good cause, to carry out service on Defendants within the timeframe required by Federal Rule of Civil Procedure 4(m). His claims should

therefore be dismissed for the reasons discussed in the attached Memorandum of Law.  In a concurrently-filed motion pursuant to Rule 12(b)(6), Defendants also move to dismiss for failure to state a claim on which relief can be granted.

### REQUEST FOR HEARING

Defendants respectfully request a hearing on their Motion to Dismiss.

DATED:  January 29, 2021

Respectfully submitted,

/s/ Jean-Paul Jassy
Jean-Paul Jassy (*Pro Hac Vice* motion pending)
William T. Um (*Pro Hac Vice* motion pending)
Elizabeth H. Baldridge (*Pro Hac Vice* motion pending)
**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
jpjassy@jassyvick.com
wum@jassyvick.com
ebaldridge@jassyvick.com

Laura C. Fraher (DC Bar No. 979720)
**SHAPIRO, LIFSCHITZ & SCHRAM P.C.**
1742 N Street NW
Washington, DC 20036
Telephone: (202) 689-1900
Facsimile: (202) 689-1901
fraher@slslaw.com

*Attorneys for Defendants Verizon Communications Inc. and Michael Isikoff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MATTHEW COUCH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:20-cv-02151-RJL |
| VERIZON COMMUNICATIONS INC. | * | |
| and | * | |
| MICHAEL ISIKOFF | * | |
| and | * | |
| NATIONAL PUBLIC RADIO, INC. | * | |
| and | * | |
| AARON RICH | * | |
| and | * | |
| DEBORAH SINES | * | |
| and | * | |
| JOE CAPONE | * | |
| and | * | |
| MARK MUELLER | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5)**

Jean-Paul Jassy (*Pro Hac Vice* motion pending)
William T. Um (*Pro Hac Vice* motion pending)
Elizabeth Baldridge (*Pro Hac Vice* motion pending)
**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017

3

Telephone: (310) 870-7048
Facsimile: (310) 870-7010
jpjassy@jassyvick.com
wum@jassyvick.com
ebaldridge@jassyvick.com

Laura C. Fraher (DC Bar No. 979720)
**SHAPIRO, LIFSCHITZ & SCHRAM P.C.**
1742 N Street NW
Washington, DC 20036
Telephone: (202) 689-1900
Facsimile: (202) 689-1901
fraher@slslaw.com

*Attorneys for Defendants Verizon Communications*
*Inc. and Michael Isikoff*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ..................................................................................................................... 7

FACTUAL AND PROCEDURAL BACKGROUND............................................................. 7

ARGUMENT ........................................................................................................................... 8

CONCLUSION...................................................................................................................... 10

CERTIFICATE OF SERVICE ............................................................................................. 11

## **TABLE OF AUTHORITIES**

<u>Page(s)</u>

### CASES

*Chen v. District of Columbia*,
   256 F.R.D. 263 (D.D.C. 2009)....................................................................................8

\* *Mann v. Castiel*,
   681 F.3d 368 (D.C. Cir. 2012) ................................................................................8, 9

*Morrisey v. Wolf*,
   333 F.R.D. 1 (D.D.C. 2019)......................................................................................9

*Prunte v. Universal Music Grp.*,
   248 F.R.D. 335 (D.D.C. 2008)..................................................................................9

### FEDERAL RULES

Fed. R. Civ. P. 4......................................................................................................................8

Fed. R. Civ. P. 4(m)....................................................................................................7, 8, 9, 10

Fed. R. Civ. P. 12(b)(5)..............................................................................................7, 8, 9, 10

Fed. R. Civ. P. 12(b)(6)............................................................................................................7

## INTRODUCTION

Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because Plaintiff did not serve Defendants with the Complaint until more than 90 days after he filed it, violating the explicit service deadline set forth in Federal Rule of Civil Procedure 4(m).[1]  The Court issued summonses for Defendants the day after the filing of the Complaint, and Defendants did not evade service in any way.  Because Plaintiff has no excuse for his failure to comply with the federal service rules, the Court should dismiss his Complaint as to Defendants pursuant to Federal Rule of Civil Procedure 12(b)(5).[2]

## FACTUAL AND PROCEDURAL BACKGROUND

The basic allegations in this case with respect to Defendants are that the *Conspiracyland* podcast made false statements and purported implications about Plaintiff.  Compl., ¶¶ 41, 127, 136.  Plaintiff's Complaint includes claims against Defendants for defamation (*id.* at ¶¶ 135-142); defamation *per se* (*id.* at ¶¶ 143-149); intentional infliction of emotional distress (*id.* at ¶¶ 150-156); false light (*id.* at ¶¶ 157-159); civil conspiracy (*id.* at ¶¶ 160-167); aiding and abetting (*id.* at ¶¶ 168-172); intentional interference with business relations (*id.* at ¶¶ 173-177); and negligent supervision and retention (*id.* at ¶¶ 178-190).  Plaintiff seeks damages, attorneys' fees and costs, and injunctive relief.  *Id.* at pp. 49-50 (prayer for relief).

Plaintiff filed this action on August 6, 2020, meaning that the 90-day deadline to effectuate service pursuant to Federal Rule of Civil Procedure 4(m) expired on November 4,

---

[1] Plaintiff's Complaint should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, as set forth in Defendants' concurrently filed motion to dismiss.

[2] Defendants also join Co-Defendant National Public Radio, Inc.'s Motion to Dismiss Plaintiff's Complaint.  Dkt. No. 28.

2020.  *See* Dkt. No. 1; Fed. R. Civ. P. 4(m).  Plaintiff obtained clerk-issued summonses as to Defendants one day after filing his Complaint, on August 7, 2020, but did not serve Defendants with the Complaint until November 6, 2020.  *See* Dkt. No. 3 (indicating issuance of summonses as to Defendants on August 7, 2020); No. 22 (indicating service of process upon Defendant Verizon Communications, Inc. on November 6, 2020); No. 23 (indicating service of process upon Defendant Michael Isikoff on November 6, 2020).  Plaintiff has offered no explanation for serving Defendants after expiration of the Rule 4(m) deadline, nor did Plaintiff make any attempt to seek an extension of time to complete service.

Accordingly, Defendants move this Court for an order dismissing Plaintiff's Complaint for failure to carry out timely service, with no good cause for violation of the federal rules.

## ARGUMENT

Lack of timely service is a fundamental problem in a case; "federal courts *lack the power to assert personal jurisdiction* over a defendant" unless service has been properly carried out. *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (emphasis added; dismissing case because plaintiff failed to serve defendants by the deadline).  In the absence of timely service or a valid basis for an extension of time, courts "routinely dismiss cases for insufficient service of process" pursuant to Federal Rule of Civil Procedure 12(b)(5).  *Chen v. District of Columbia*, 256 F.R.D. 263, 255 (D.D.C. 2009) (dismissing case for failure to timely and properly serve defendant).

Rule 4's requirements for service of process are firm; a plaintiff must either properly serve the complaint or otherwise carry the burden of showing good cause excusing the delay or deficiency in service.  *Mann*, 681 F.3d at 372.  To show good cause, whether the defect is timely service or any other deficiency under Rule 4, a plaintiff must demonstrate that "some *outside* factor, rather than inadvertence or negligence, prevented [proper] service."  *Id.* at 374-375

(emphasis added).  Good cause, as courts have interpreted it in this context, does *not* encompass inadvertent mistakes by counsel or lack of diligence in completing service.  *Morrisey v. Wolf*, 333 F.R.D. 1, 2 (D.D.C. 2019) (failure to serve complaint within 90 days due to counsel's "misunderstanding of the rule" did not constitute good cause); *Prunte v. Universal Music Grp.*, 248 F.R.D. 335, 338-339 & n.8 (D.D.C. 2008) ("easily avoidable error" in botched service indicated that plaintiff "failed to exercise reasonable diligence").  In the absence of good cause, dismissal is appropriate pursuant to Rule 12(b)(5).  *Mann*, 681 F.3d at 376.

Here, Plaintiff cannot show good cause for his failure to serve Defendants until after the Rule 4(m) deadline expired.  Plaintiff had access to summonses for Defendants beginning August 7, 2020 (Dkt. No. 3), and the proof of service forms Plaintiff eventually filed indicate that Plaintiff did not even transfer the summons and complaint to his process server to carry out service until November 5, 2020, which date was *still* after the November 4, 2020, deadline.  *See* Dkt. Nos. 22, 23 (proofs of service for Defendant Verizon Communications Inc. and Michael Isikoff indicating transfer of summons and complaint to process server at 4:55 p.m. and 4:51 p.m., respectively, on November 5, 2020).  Defendants did not attempt to evade service in any way, which is evident because service was carried out on both of them on November 6, 2020.  There were no outside barriers to timely service in this case, and Plaintiff's own negligence cannot serve as an excuse constituting good cause.[3]

---

[3] Plaintiff also never asked to extend the deadline, indicating that Plaintiff's own inadvertence was the contributing factor to the delay, not external factors preventing timely service.  Instead of proactively seeking an extension, Plaintiff's negligence resulted in Defendants and other parties in the case bringing up the lack of timely service.  Now that they have, Plaintiff bears the burden of showing good cause.  *Mann*, 681 F.3d at 372.

Defendants would be prejudiced if they are forced to defend against Plaintiff's untimely-served claims.  Plaintiff cannot meet the good cause standard for violating Rule 4(m), and his Complaint should therefore be dismissed pursuant to Rule 12(b)(5).

## **CONCLUSION**

For these reasons, Defendants respectfully request that the Court grant Defendants' Motion and dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(5).

Respectfully submitted,

/s/ Jean-Paul Jassy
Jean-Paul Jassy (*Pro Hac Vice* motion pending)
William T. Um (*Pro Hac Vice* motion pending)
Elizabeth H. Baldridge (*Pro Hac Vice* motion pending)
**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
jpjassy@jassyvick.com
wum@jassyvick.com
ebaldridge@jassyvick.com

Laura C. Fraher (DC Bar No. 979720)
**SHAPIRO, LIFSCHITZ & SCHRAM P.C.**
1742 N Street NW
Washington, DC 20036
Telephone: (202) 689-1900
Facsimile: (202) 689-1901
fraher@slslaw.com

*Attorneys for Defendants Verizon Communications Inc. and Michael Isikoff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2021, a copy of the foregoing Motion to Dismiss was electronically filed through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Eden P. Quainton                                                  *Attorneys for Plaintiff*
DUNNINGTON BARTHOLOW & MILLER LLP           *Matthew Couch*
230 Park Avenue, 21st Floor
New York, NY 10169
Telephone: (212) 682-8811
Email: equainton@dunnington.com

David J. Bodney                                                  *Attorneys for Defendant*
BALLARD SPAHR LLP                                          *National Public Radio, Inc.*
1 East Washington Street, Suite 2300
Phoenix, AZ 85004
Telephone: (602) 798-5454
Email: bodneyd@ballardspahr.com

Matthew E. Kelley
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 508-1112
Email: kelleym@ballardspahr.com

Richard W. Evans                                                 *Attorneys for Defendants*
James G. Fegan, III                                              *Mark Mueller and Joe Capone*
MCCARTHY WILSON LLP
2200 Research Boulevard, Suite 500
Rockville, MD 20850
Telephone: (301) 762-7770
Email: evansr@mcwilson.com
        feganj@mcwilson.com

**SHAPIRO, LIFSCHITZ & SCHRAM, P.C.**

/s/ Laura C. Fraher
Laura C. Fraher

1742 N Street NW
Washington, DC 20036
Phone: (202) 689-1900
Fax: (202) 689-1901
fraher@slslaw.com

*Attorneys for Defendants Verizon Communications Inc. and Michael Isikoff*