**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MATTHEW COUCH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:20-cv-02151-RJL |
| VERIZON COMMUNICATIONS INC. | * | |
| and | * | |
| MICHAEL ISIKOFF | * | |
| and | * | |
| NATIONAL PUBLIC RADIO, INC. | * | |
| and | * | |
| AARON RICH | * | |
| and | * | |
| DEBORAH SINES | * | |
| and | * | |
| JOE CAPONE | * | |
| and | * | |
| MARK MUELLER | * | |
| Defendants. | | |

*    *    *    *    *    *    *    *    *    *    *    *    *    *

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Federal Rule of Evidence 201(b), and the law of the courts of this District, Defendants Verizon Communications Inc. and Michael Isikoff (together, "Defendants") respectfully request that the Court take judicial notice of the following materials, attached hereto and submitted herewith, in connection with the Defendants'

concurrently-filed Rule 12(b)(6) Motion to Dismiss for failure to state a claim on which relief can be granted:

1.      **Exhibit A** is a true and correct copy, provided in three formats, of Episode 6 of the podcast *Conspiracyland*, dated August 6, 2019 ("Episode 6").  Episode 6 is the subject of Plaintiff Matthew Couch's ("Plaintiff's") suit against Defendants. For the Court's convenience, Defendants provide Episode 6 in three formats: (1) a hyperlink to a web player through which the Court can access Episode 6: https://play.acast.com/s/conspiracyland/episode6-collateraldamage-; (2) a USB drive containing an audio file of Episode 6, submitted in physical format to the Court in accordance with Local Rule 5.4(e)(1); and (3) a certified transcript of Episode 6.  *See* attached Declaration of Elizabeth Baldridge ("Baldridge Decl."), ¶ 2; *see also*, *e.g.*, Compl., ¶¶ 1, 41, 55, 83, 87, 90, 99 (identifying Episode 6 of *Conspiracyland* as a basis for Plaintiff's suit against Defendants).

2.      **Exhibit B** is a true and correct copy, provided in three formats, of Bonus Episode 6 of the podcast *Conspiracyland*, dated August 6, 2019 ("Bonus Episode 6"), which is also the subject of Plaintiff's suit against Defendants.  For the Court's convenience, Defendants provide Bonus Episode 6 in three formats: (1) a hyperlink to a web player through which the Court can access Bonus Episode 6: https://play.acast.com/s/conspiracyland/bonusepisode6; (2) a USB drive containing an audio file of Bonus Episode 6, submitted in physical format to the Court in accordance with Local Rule 5.4(e)(1); and (3) a certified transcript of Bonus Episode 6.  *See* Baldridge Decl., ¶ 3; *see also*, *e.g.*, Compl., ¶¶ 1, 124, 127

(identifying Bonus Episode 6 of *Conspiracyland* as a basis for Plaintiff's suit against Defendants).

3.      **Exhibit C** is a true and correct copy of the U.S. Department of Justice Report On The Investigation Into Russian Interference In The 2016 Presidential Election, Vol. I of II, prepared by Special Counsel Robert S. Mueller, III, dated March 2019 ("Volume I of the Mueller Report"), retrieved on January 26, 2021, from https://www.justice.gov/storage/report.pdf.  *See* Baldridge Decl., ¶ 4.

4.      **Exhibit D** is a true and correct copy, provided in two formats, of Plaintiff's public apology made to Aaron Rich and dated January 14, 2021 (the "Couch Apology"). For the Court's convenience, Defendants provide copies of the Couch Apology in two formats: (1) a true and correct copy of the written version of the Couch Apology, retrieved on January 25, 2021, from https://thedcpatriot.com/statement-from-matt-couch/; and (2) a USB drive containing a video file containing a videotaped version of the Couch Apology, retrieved on January 22, 2021, from https://www.pscp.tv/w/1YqGoywePoAxv.  *See* Baldridge Decl., ¶ 5.

5.      **Exhibit E** is a true and correct copy of the Complaint publicly filed in related case *Rich v. Butowsky, et al.*, No. 1:18-cv-0681-RJL (D.D.C., filed Mar. 26, 2018, ECF No. 3).  *See* Baldridge Decl., ¶ 6.

6.      **Exhibit F** is a true and correct copy of the Terms of Service of Verizon Media, retrieved on January 28, 2021, from https://www.verizonmedia.com/policies/us/en/verizonmedia/terms/otos/index.html.  *See* Baldridge Decl., ¶ 7.

For the reasons set forth more fully in the accompanying Memorandum of Law, Episode 6 and Bonus Episode 6 are subject to judicial notice because they are part of the "facts alleged in the complaint" and are therefore "incorporated therein." *Farah v. Esquire Magazine*, 736 F.3d 528, 534 (D.D.C. 2013).  Volume I of the Mueller Report is subject to judicial notice because it is a source "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Further, the Court can take judicial notice of the Couch Apology because it is a readily accessible statement by Plaintiff which cannot be reasonably disputed.  *See Farah v. Esquire Magazine*, 863 F. Supp. 2d 29, 35 (D.D.C. 2012) (taking judicial notice of "various internet postings" where "[t]he fact that these internet postings were made and their written content is not disputed in this case").  The Complaint in related case *Rich v. Butowsky, et al.*, is also subject to judicial notice because "[a] court may take judicial notice of public records from other proceedings." *Hemphill v. Kimberly-Clark Corp.*, 605 F. Supp. 2d 183, 186 (D.D.C. 2009); *see also Gharb v. Mitsubishi Elec. Corp.*, 148 F. Supp. 3d 44, 46 n.1 (D.D.C. 2015) (taking judicial notice of "publicly filed documents in related litigation").  Lastly, the Court can take judicial notice of the Terms of Service of Verizon Media because it is a readily accessible document, the contents of which cannot reasonably be disputed.  *Farah*, 863 F. Supp. 2d at 35.

/ / /

/ / /

/ / /

Accordingly, Defendants respectfully request that the Court take judicial notice of these documents in its consideration of their concurrently-filed Motion to Dismiss pursuant to Rule 12(b)(6).

DATED:  January 29, 2021

Respectfully submitted,

/s/ Jean-Paul Jassy
Jean-Paul Jassy (*Pro Hac Vice* motion pending)
William T. Um (*Pro Hac Vice* motion pending)
Elizabeth H. Baldridge (*Pro Hac Vice* motion pending)
**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
jpjassy@jassyvick.com
wum@jassyvick.com
ebaldridge@jassyvick.com

Laura C. Fraher (DC Bar No. 979720)
**SHAPIRO, LIFSCHITZ & SCHRAM P.C.**
1742 N Street NW
Washington, DC 20036
Telephone: (202) 689-1900
Facsimile: (202) 689-1901
fraher@slslaw.com

*Attorneys for Defendants Verizon Communications
Inc. and Michael Isikoff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MATTHEW COUCH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:20-cv-02151-RJL |
| VERIZON COMMUNICATIONS INC. | * | |
| and | * | |
| MICHAEL ISIKOFF | * | |
| and | * | |
| NATIONAL PUBLIC RADIO, INC. | * | |
| and | * | |
| AARON RICH | * | |
| and | * | |
| DEBORAH SINES | * | |
| and | * | |
| JOE CAPONE | * | |
| and | * | |
| MARK MUELLER | * | |
| Defendants. | | |

*     *     *     *     *     *     *     *     *     *     *     *     *     *     *

**MEMORANDUM OF LAW**

**I.     The Court Can Take Judicial Notice of Exhibits A through F.**

For the reasons set forth below, this Court can and should take judicial notice of Exhibits A through F to this Request.

1

**Exhibits A and B:  Episode 6 And Bonus Episode 6 Of *Conspiracyland***

In ruling on Defendants' Motion to Dismiss, this Court may consider any document incorporated by reference or integral to the complaint.  *Farah v. Esquire Magazine*, 736 F.3d 528, 534 (D.D.C. 2013).  Episode 6 and Bonus Episode 6 of the *Conspiracyland* podcast are referenced throughout the Complaint and are the source upon which Plaintiff's claims against Defendants are based.  *See*, *e.g.*, Compl. ¶¶ 1, 41, 55, 83, 87, 90, 99, 124, 127.

Episode 6 and Bonus Episode 6 are the proper subject of judicial notice because the Complaint refers to, relies on, quotes from, and is based in large part on the two podcast episodes.  *See*, *e.g.*, *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (holding that items of evidence integral to a complaint are subject to judicial notice specifically in the context of determining whether that complaint states a claim).  For the Court's convenience, Defendants provide copies of Episode 6 and Bonus Episode 6 in three formats: (1) a hyperlink to a web player through which the Court can access Episode 6 and Bonus Episode 6: https://play.acast.com/s/conspiracyland/episode6-collateraldamage (Episode 6); https://play.acast.com/s/conspiracyland/bonusepisode6 (Bonus Episode 6); (2) a USB drive containing audio files of Episode 6 and Bonus Episode 6, submitted in physical format to the Court in accordance with Local Rule 5.4(e)(1); and (3) certified transcripts of Episode 6 and Bonus Episode 6.  *See* Baldridge Decl., ¶¶ 2-3.  The Court has ample authority to take judicial notice of Exhibits A and B to this Request.

**Exhibit C: Volume I Of The Mueller Report**

The Court can also take judicial notice of Volume I of the Mueller Report, a source "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Courts regularly take judicial notice of government records and actions on this basis.  *See*, *e.g.*, *Elec. Privacy*

*Information Ctr. v. U.S. Dep't of Justice*, 442 F. Supp. 3d 37, 42 & n.2 (D.D.C. 2020) (taking judicial notice of Attorney General William P. Barr's remarks on the release of the Mueller Report because such remarks were "posted on the Department [of Justice]'s official public website"); *Ashbourne v. Hansberry*, 245 F. Supp. 3d 99, 103 (D.D.C. 2017) (taking judicial notice of Department of the Treasury documents "as those are official, public documents subject to judicial notice"); *United States v. Flynn*, --- F. Supp. 3d ---, 2020 WL 7230702, at *6 n.6 (D.D.C. Dec. 8, 2020) (taking judicial notice of presidential pardon). The face of Volume I of the Mueller Report indicates that it is a document of the United States Department of Justice, and, like the judicially noticeable document in *Electronic Privacy Information Center*, 442 F. Supp. 3d at 42 & n.2, it is available on the Department of Justice website at https://www.justice.gov/storage/report.pdf. *See* Ex. C. The Court can and should take notice of Volume I of the Mueller Report attached as Exhibit C to this Request.

**Exhibit D: The Couch Apology**

The Court can take judicial notice of Plaintiff's apology, offered as part of the settlement of related case *Rich v. Butowsky, et al.*, because it is a readily accessible statement by Plaintiff which cannot be reasonably disputed. *See Farah v. Esquire Magazine*, 863 F. Supp. 2d 29, 35 (D.D.C. 2012) (taking judicial notice of "various internet postings" where "[t]he fact that these internet postings were made and their written content is not disputed in this case"); *Fairbanks v. Roller*, 314 F. Supp. 3d 85, 88 n.1 (D.D.C. 2018) ("On a motion to dismiss for failure to state a claim, a court may take judicial notice of statements made on the internet"). Here, Plaintiff made his apology statement in written and video format on his own website and social media. *See* Baldridge Decl., ¶ 5. For the Court's convenience, Defendants provide copies of the Couch Apology in two formats: (1) a true and correct copy of the written version of the Couch Apology,

retrieved on January 25, 2021, from https://thedcpatriot.com/statement-from-matt-couch/; and
(2) a USB drive containing a video file of a videotaped version of the Couch Apology, retrieved
on January 22, 2021, from https://www.pscp.tv/w/1YqGoywePoAxv.  The Court can take
judicial notice of these statements made by Plaintiff.

>    **Exhibit E:  The Complaint in *Rich v. Butowsky, et al.***

 Courts may take judicial notice of "public records from other proceedings."  *Hemphill v.
Kimberly-Clark Corp.*, 605 F. Supp. 2d 183, 186 (D.D.C. 2009); *Lewis v. Drug Enforcement
Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011) ("other court proceedings" are subject to
judicial notice); *see also Gharb v. Mitsubishi Elec. Corp.*, 148 F. Supp. 3d 44, 46 n.1 (D.D.C.
2015) (taking judicial notice of "publicly filed documents in related litigation").  As this Court is
aware, *Rich v. Butowsky, et al.*, No. 1:18-cv-0681 is a related case to this litigation.  *See* Dkt. No.
2 (Notice of Related Case).  As such, the Court is empowered to take judicial notice of the
Complaint in *Rich v. Butowsky, et al.*, filed March 26, 2018.

>    **Exhibit F:  The Terms of Service of Verizon Media**

The Court can take judicial notice of the Terms of Service of Verizon Media, publicly
available at https://www.verizonmedia.com/policies/us/en/verizonmedia/terms/otos/index.html,
because it is a readily accessible document whose contents cannot reasonably be disputed.
*Farah*, 863 F. Supp. 2d at 35.  Like the Couch Apology, the Terms of Service of Verizon Media
is accessible online, *Fairbanks*, 314 F. Supp. 3d at 88 n.1, and its "written content is not disputed
in this case[.]"  *Farah*, 863 F. Supp. 2d at 35.  The Court should therefore also take judicial
notice of the Terms of Service of Verizon Media.

## II.      Conclusion

Defendants respectfully request that this Court take judicial notice of Exhibits A through

F to this Request in considering Defendants' Motion to Dismiss pursuant to Rule 12(b)(6).


Respectfully submitted,

/s/ Jean-Paul Jassy
Jean-Paul Jassy (*Pro Hac Vice* motion pending)
William T. Um (*Pro Hac Vice* motion pending)
Elizabeth H. Baldridge (*Pro Hac Vice* motion pending)
**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
jpjassy@jassyvick.com
wum@jassyvick.com
ebaldridge@jassyvick.com

Laura C. Fraher (DC Bar No. 979720)
**SHAPIRO, LIFSCHITZ & SCHRAM P.C.**
1742 N Street NW
Washington, DC 20036
Telephone: (202) 689-1900
Facsimile: (202) 689-1901
fraher@slslaw.com

*Attorneys for Defendants Verizon Communications Inc. and Michael Isikoff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MATTHEW COUCH, | * | |
|         Plaintiff, | * | |
| v. | * | Civil Action No. 1:20-cv-02151-RJL |
| VERIZON COMMUNICATIONS INC. | * | |
| and | * | |
| MICHAEL ISIKOFF | * | |
| and | * | |
| NATIONAL PUBLIC RADIO, INC. | * | |
| and | * | |
| AARON RICH | * | |
| and | * | |
| DEBORAH SINES | * | |
| and | * | |
| JOE CAPONE | * | |
| and | * | |
| MARK MUELLER | * | |
|         Defendants. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**<u>DECLARATION OF ELIZABETH BALDRIDGE</u>**

I, Elizabeth Baldridge, declare as follows:

1.      I am over eighteen years of age and not a party to this case.  I have applied to be admitted to practice before this court *pro hac vice* and am admitted to practice before all courts of the State of California.  I am an associate in the law firm of Jassy Vick Carolan LLP and counsel for Defendants Verizon Communications Inc. and Michael Isikoff ("Defendants") in this action.

1

The facts stated below are true of my own personal knowledge.

2.      **Exhibit A** to this Request for Judicial Notice is a true and correct copy, provided in three formats, of Episode 6 of the podcast *Conspiracyland*, dated August 6, 2019, which is the subject of Plaintiff Matthew Couch's ("Plaintiff's") suit against Defendants.  For the Court's convenience, Defendants provide Episode 6 in three formats: (1) a hyperlink to a web player through which the Court can access Episode 6: https://play.acast.com/s/conspiracyland/episode6-collateraldamage-; (2) a USB drive containing an audio file of Episode 6, submitted in physical format to the Court in accordance with Local Rule 5.4(e)(1); and (3) a certified transcript of Episode 6.

3.      **Exhibit B** to this Request for Judicial Notice is a true and correct copy, provided in three formats, of Bonus Episode 6 of the podcast *Conspiracyland*, dated August 6, 2019, which is also the subject of Plaintiff's suit against Defendants.  For the Court's convenience, Defendants provide Bonus Episode 6 in three formats: (1) a hyperlink to a web player through which the Court can access Bonus Episode 6: https://play.acast.com/s/conspiracyland/bonusepisode6; (2) a USB drive containing an audio file of Bonus Episode 6, submitted in physical format to the Court in accordance with Local Rule 5.4(e)(1); and (3) a certified transcript of Bonus Episode 6.

4.      **Exhibit C** to this Request for Judicial Notice is a true and correct copy of the U.S. Department of Justice Report On The Investigation Into Russian Interference In The 2016 Presidential Election, Vol. I of II, prepared by Special Counsel Robert S. Mueller, III, dated March 2019, which I retrieved on January 26, 2021, from https://www.justice.gov/storage/report.pdf.

5.      **Exhibit D** to this Request for Judicial Notice is a true and correct copy, provided in two formats, of Plaintiff's public apology made to Aaron Rich and dated January 14, 2021.  For the

2

Court's convenience, Defendants provide copies of the Couch Apology in two formats: (1) a true and correct copy of the written version of the Couch Apology, which I retrieved on January 25, 2021, from https://thedcpatriot.com/statement-from-matt-couch/; and (2) a USB drive containing a video file of a videotaped version of the Couch Apology, which I retrieved on January 22, 2021, from https://www.pscp.tv/w/1YqGoywePoAxv.

6.      **Exhibit E** to this Request for Judicial Notice is a true and correct copy of the Complaint publicly filed in related case *Rich v. Butowsky, et al.*, No. 1:18-cv-0681-RJL (D.D.C., filed Mar. 26, 2018, ECF No. 3), which I retrieved from the online public docket on January 20, 2021.

7.      **Exhibit F** to this Request for Judicial Notice is a true and correct copy of the Terms of Service of Verizon Media, which I retrieved on January 28, 2021, from https://www.verizonmedia.com/policies/us/en/verizonmedia/terms/otos/index.html.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

January 29, 2021

_/s/ Elizabeth Baldridge_____
Elizabeth Baldridge

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 29, 2021, a copy of the foregoing Request for Judicial

Notice, with the Declaration of Elizabeth Baldridge and Exhibits A-F, was electronically filed

through the CM/ECF system, which caused the following parties or counsel to be served by

electronic means, as more fully reflected on the Notice of Electronic Filing:


Eden P. Quainton                                     *Attorneys for Plaintiff*
DUNNINGTON BARTHOLOW & MILLER LLP                    *Matthew Couch*
230 Park Avenue, 21st Floor
New York, NY 10169
Telephone: (212) 682-8811
Email: equainton@dunnington.com


David J. Bodney                                      *Attorneys for Defendant*
BALLARD SPAHR LLP                                    *National Public Radio, Inc.*
1 East Washington Street, Suite 2300
Phoenix, AZ 85004
Telephone: (602) 798-5454
Email: bodneyd@ballardspahr.com


Matthew E. Kelley
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 508-1112
Email: kelleym@ballardspahr.com


Richard W. Evans                                     *Attorneys for Defendants*
James G. Fegan, III                                  *Mark Mueller and Joe Capone*
MCCARTHY WILSON LLP
2200 Research Boulevard, Suite 500
Rockville, MD 20850
Telephone: (301) 762-7770
Email: evansr@mcwilson.com
         feganj@mcwilson.com


**SHAPIRO, LIFSCHITZ & SCHRAM, P.C.**

/s/ Laura C. Fraher
Laura C. Fraher

1742 N Street NW
Washington, DC 20036
Phone: (202) 689-1900
Fax: (202) 689-1901
fraher@slslaw.com

*Attorneys for Defendants Verizon Communications Inc. and
Michael Isikoff*