IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MATTHEW COUCH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:20-cv-02151-RJL |
| VERIZON COMMUNICATIONS INC. | * | |
| and | * | |
| MICHAEL ISIKOFF | * | |
| and | * | |
| NATIONAL PUBLIC RADIO, INC. | * | |
| and | * | |
| AARON RICH | * | |
| and | * | |
| DEBORAH SINES | * | |
| and | * | |
| JOE CAPONE | * | |
| and | * | |
| MARK MUELLER | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SECOND REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Federal Rule of Evidence 201(b), and the law of the courts of this District, Defendants Verizon Communications Inc. and Michael Isikoff (together, "Defendants") respectfully request that the Court take judicial notice of materials, attached hereto and submitted herewith, in connection with the Defendants' concurrently-filed Reply in support of their Rule 12(b)(6) Motion to Dismiss for failure to state a

1

claim on which relief can be granted. Defendants seek judicial notice of the following materials in addition to their previously-requested judicial notice of Exhibits A through F, submitted concurrently with their Rule 12(b)(6) Motion to Dismiss, which was filed on January 29, 2021 (Dkt. 47):[1]

1. **Exhibit G** is a true and correct copy of an opinion from the United States Court of Appeals for the District of Columbia Circuit titled *Tah, et al. v. Global Witness Publishing, Inc., et al.*, Case No. No. 19-7132, issued March 19, 2021 (the "*Tah v. Global Witness* Opinion"). *See* Baldridge Decl., ¶ 2.

2. **Exhibit H** is a true and correct copy of Judge Rosemary M. Collyer's September 27, 2019, Order dismissing the plaintiff's case in the district court proceedings of *Tah, et al. v. Global Witness Publishing, et al.*, Case No. 1:18-cv-02109, and ordering the case closed (Dkt. 22). (the "Judge Collyer Dismissal Order"). *See* Baldridge Decl., ¶ 3.

3. **Exhibit I** is a true and correct copy of two of Plaintiff Matthew Couch's ("Plaintiff's") Tweets dated July 10, 2020, and July 22, 2020, regarding Confederate flags and statutes (the "Couch Confederate Tweets"). *See* Baldridge Decl., ¶ 4.

4. **Exhibit J** is a true and correct copy of several of Plaintiff's Tweets pre-dating this action which reference Joe Capone as being a "person of interest" in the murder of Seth Rich and having visited the White House in connection with the murder (the "Couch Capone Tweets"). *See* Baldridge Decl., ¶ 5.

---

[1] Plaintiff has already stated that he does not oppose Defendants' request for judicial notice of Exhibits A through F. *See* Opp. at p. 42.

For the reasons set forth more fully in the accompanying Memorandum of Law, the *Tah v. Global Witness* Opinion and the Judge Collyer Dismissal Order are subject to judicial notice because courts may take judicial notice of judicial decisions. *See*, *e.g.*, *Awan v. U.S. Dep't of Justice*, No. 10-1100, 2011 WL 2836541, at *1 (D.D.C. July 13, 2011). The *Tah v. Global Witness* Opinion was issued after Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(6), and it is not yet available on a publicly-accessible electronic database. And the Judge Collyer Dismissal Order is a judicial order issued from this District Court. *See U.S. v. Gorham*, 536 F.2d 410, 414-415 (D.C. Cir. 1976) ("we are permitted to take judicial notice of other proceedings in our district court").

Further, the Court can take judicial notice of the Couch Confederate Tweets and the Couch Capone Tweets because they are readily accessible statements by Plaintiff which cannot be reasonably disputed. *See Farah v. Esquire Magazine*, 863 F. Supp. 2d 29, 35 (D.D.C. 2012) (taking judicial notice of "various internet postings" where "[t]he fact that these internet postings were made and their written content is not disputed in this case").

/ /

/ /

/ /

Accordingly, Defendants respectfully request that the Court take judicial notice of these documents in its consideration of Defendants' concurrently-filed Reply in Support of their Motion to Dismiss pursuant to Rule 12(b)(6).

DATED: March 24, 2021

        Respectfully submitted,

        /s/ Jean-Paul Jassy
        Jean-Paul Jassy (*Pro Hac Vice* motion pending)
        William T. Um (*Pro Hac Vice* motion pending)
        Elizabeth H. Baldridge (*Pro Hac Vice* motion pending)
        **JASSY VICK CAROLAN LLP**
        800 Wilshire Boulevard, Suite 800
        Los Angeles, CA 90017
        Telephone: (310) 870-7048
        Facsimile: (310) 870-7010
        jpjassy@jassyvick.com
        wum@jassyvick.com
        ebaldridge@jassyvick.com

        Laura C. Fraher (DC Bar No. 979720)
        **SHAPIRO, LIFSCHITZ & SCHRAM P.C.**
        1742 N Street NW
        Washington, DC 20036
        Telephone: (202) 689-1900
        Facsimile: (202) 689-1901
        fraher@slslaw.com

        *Attorneys for Defendants Verizon Communications Inc. and Michael Isikoff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MATTHEW COUCH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:20-cv-02151-RJL |
| VERIZON COMMUNICATIONS INC. | * | |
| and | * | |
| MICHAEL ISIKOFF | * | |
| and | * | |
| NATIONAL PUBLIC RADIO, INC. | * | |
| and | * | |
| AARON RICH | * | |
| and | * | |
| DEBORAH SINES | * | |
| and | * | |
| JOE CAPONE | * | |
| and | * | |
| MARK MUELLER | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW

**I.     The Court Can Take Judicial Notice Of Exhibits G Through J.**

For the reasons set forth below, this Court can and should take judicial notice of Exhibits G through J to this Request.

1

**Exhibits G And H: The *Tah v. Global Witness* Opinion And The Judge Collyer Dismissal Order**

Taking judicial notice of judicial decisions is proper.  As this District Court has observed, "Courts take judicial notice of law every time they cite a statute or judicial decision."  *Awan v. U.S. Dep't of Justice*, No. 10-1100, 2011 WL 2836541, at *1 (D.D.C. July 13, 2011) (citing *Getty Petroleum Marketing, Inc. v. Capital Terminal Co.*, 391 F.3d 312, 324 (1st Cir. 2001)).  In addition, courts can take judicial notice of proceedings in other actions, including district court judges' orders.  *U.S. v. Gorham*, 536 F.2d 410, 414-415 (D.C. Cir. 1976) ("we are permitted to take judicial notice of other proceedings in our district court"); *Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 216 (D.D.C. 2002) ("it is well established that courts are allowed to take judicial notice of . . . records of prior litigation") (internal quotation marks omitted).

The *Tah v. Global Witness* Opinion was issued after Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(6), and it is not yet available on a publicly-accessible electronic database.  The Opinion is a decision of the D.C. Circuit, a source "whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Similarly, the Judge Collyer Dismissal Order is a judicial decision issued from this district court, which is relevant to understand that Judge Collyer dismissed the Complaint in *Tah* the same day she granted the defendants' Rule 12(b)(6) motion to dismiss and ruled that the order was a "final appealable order," effectively dismissing the case with prejudice and without leave to amend.  This Court can and should take notice of the judicial decisions attached as Exhibits G and H to this request.

**Exhibits I And J: The Couch Confederate Tweets And The Couch Capone Tweets**

The Court can take judicial notice of the Couch Confederate Tweets and the Couch

2

Capone Tweets, all of which pre-date this action. The Couch Confederate Tweets express Plaintiff's views on issues surrounding Confederate flags and Confederate statues, and the Couch Capone Tweets capture Plaintiff's statements that Joe Capone was a "person of interest" in the Seth Rich murder and, relatedly, visited the White House. These statements are judicially noticeable because they are readily accessible statements by Plaintiff which cannot be reasonably disputed. *See Farah v. Esquire Magazine*, 863 F. Supp. 2d 29, 35 (D.D.C. 2012) (taking judicial notice of "various internet postings" where "[t]he fact that these internet postings were made and their written content is not disputed in this case"); *Fairbanks v. Roller*, 314 F. Supp. 3d 85, 88 n.1 (D.D.C. 2018) ("On a motion to dismiss for failure to state a claim, a court may take judicial notice of statements made on the internet"). Plaintiff's own Opposition offers that he "has tweeted hundreds of thousands of times" (Opp. at 19), and Defendants point to specific statements by Plaintiff in this medium which contradict arguments in Plaintiff's Opposition. The Couch Confederate Tweets are offered as rebuttal evidence for Plaintiff's statements that he is "not the type of person who marched at Charlottesville with a Confederate flag," (Opp. at 20), that "[t]here is, of course, zero evidence that [Plaintiff] . . . has ever paraded with a Confederate flag" (*id.*) and that Plaintiff "has never been seen with a confederate flag, or in the presence of anyone who uses the confederate flag as a rallying symbols. [*sic*]" (*id.* at 28). In addition, the Couch Capone Tweets are offered as rebuttal evidence for Plaintiff's statements that he did not "target[] Joe Capone on suspicion of participating in a conspiracy" relating to the Seth Rich Murder. Opp. at 11 (internal quotation marks omitted). The Court can take judicial notice of these statements made by Plaintiff.

**II.     Conclusion**

Defendants respectfully request that this Court take judicial notice of Exhibits G through J to this Request in considering Defendants' Reply in support of their Motion to Dismiss pursuant to Rule 12(b)(6).

Respectfully submitted,

/s/ Jean-Paul Jassy
Jean-Paul Jassy (*Pro Hac Vice* motion pending)
William T. Um (*Pro Hac Vice* motion pending)
Elizabeth H. Baldridge (*Pro Hac Vice* motion pending)
**JASSY VICK CAROLAN LLP**
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Facsimile: (310) 870-7010
jpjassy@jassyvick.com
wum@jassyvick.com
ebaldridge@jassyvick.com

Laura C. Fraher (DC Bar No. 979720)
**SHAPIRO, LIFSCHITZ & SCHRAM P.C.**
1742 N Street NW
Washington, DC 20036
Telephone: (202) 689-1900
Facsimile: (202) 689-1901
fraher@slslaw.com

*Attorneys for Defendants Verizon Communications Inc. and Michael Isikoff*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 24, 2021, a copy of the foregoing Second Request for Judicial Notice, with the Declaration of Elizabeth Baldridge and Exhibits G through J, was electronically filed through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Eden P. Quainton<br>DUNNINGTON BARTHOLOW & MILLER LLP<br>230 Park Avenue, 21st Floor<br>New York, NY 10169<br>Telephone: (212) 682-8811<br>Email: equainton@dunnington.com | *Attorneys for Plaintiff*<br>*Matthew Couch* |
| David J. Bodney<br>BALLARD SPAHR LLP<br>1 East Washington Street, Suite 2300<br>Phoenix, AZ 85004<br>Telephone: (602) 798-5454<br>Email: | *Attorneys for Defendant*<br>*National Public Radio, Inc.* |
| Matthew E. Kelley<br>BALLARD SPAHR LLP<br>1909 K Street, NW, 12th Floor<br>Washington, DC 20006<br>Telephone: (202) 508-1112<br>Email: kelleym@ballardspahr.com | |
| Richard W. Evans<br>James G. Fegan, III<br>MCCARTHY WILSON LLP<br>2200 Research Boulevard, Suite 500<br>Rockville, MD 20850<br>Telephone: (301) 762-7770<br>Email: evansr@mcwilson.com<br>      feganj@mcwilson.com | *Attorneys for Defendants*<br>*Mark Mueller and Joe Capone* |

                                      **SHAPIRO, LIFSCHITZ & SCHRAM, P.C.**

                                      /s/ Laura C. Fraher
                                      Laura C. Fraher

        1742 N Street NW
        Washington, DC 20036
        Phone: (202) 689-1900
        Fax: (202) 689-1901
        fraher@slslaw.com

*Attorneys for Defendants Verizon Communications Inc. and Michael Isikoff*