## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **Matthew Couch,** | |
|     Plaintiff, | |
| **v.** | |
| | **Case No. 20-cv-02151-RJL** |
| **Verizon Communications, Inc.,** | |
| **Michael Isikoff,** | |
| **National Public Radio, Inc.,** | |
| **Aaron Rich,** | |
| **Deborah Sines,** | |
| **Joe Capone,** | |
| **and** | |
| **Mark Mueller,** | |
|     Defendants. | |

## <u>OPPOSITION TO SECOND REQUEST FOR JUDICIAL NOTICE</u>

EDEN P. QUAINTON, ESQ. (DC Bar No. NY0318)
DUNNINGTON, BARTHOLOW & MILLER LLP
230 Park Avenue, 21st Floor
New York, New York 10169
Tel: (212) 682-8811
Fax: (212) 661-7769
E-mail: equainton@dunnington.com
*Attorneys for Plaintiff Matthew Couch*

## PRELIMINARY STATEMENT

Under the guise of a so-called Second Request for Judicial Notice, Dkt. 54 (the "Second Request"), Defendants Michael Isikoff and Verizon Communications, Inc. ("Defendants") attempt to distract the Court with wasteful motion practice and offer clearly inappropriate "rebuttal evidence." Defendants' approach is misguided and their request should be rejected.

## LEGAL ARGUMENT

### I.   Judicial Notice Is Unnecessary For Widely Available In-Circuit Authority.

Defendants' Reply to Opposition to Motion to Dismiss Pursuant to Rule 12(b)(6), Dkt. 53 (the "Reply"), cites extensively from both *Tah v. Global Witness Publ., Inc.*, No. 19-7132 (D.C. Cir. Mar. 19, 2021)(confusingly referenced without the Westlaw cite, 2021 WL 1045205) and *Tah v. Global Witness Publ., Inc.*, 413 F. Supp. 3d 1 (D.D.C. 2019).  *See* Reply at 4, 5, 6, 7, 9, 22. There is absolutely no need for an additional request for judicial notice. As Defendants themselves state, Courts take judicial notice of cases every time they cite a case or statute. Second Request at 2 (citing *Awan v. U.S. Dep't of Justice*, No. 10-1100, 2011 WL 2836541, at *1 (D.D.C. July 13, 2011)("Courts take judicial notice of law every time they cite a statute or judicial decision"). This does **not** mean parties must ask the court to take judicial notice every time they cite a case, which would be nonsensical, but is the practical import of Defendants' position.

The March 19 D.C. Circuit decision – Exhibit G to the Second Request – was available on Westlaw **before** Defendants filed their Reply on March 24, and there was no need to burden the court with a separate motion. *See* Declaration of Christine Lee, dated April 7, 2021 (the "Lee Decl."). Defendants claim that "the *Tah v. Global Witness* Opinion. . .is not yet available on a publicly-accessible electronic database," Second Request at 2. This is a flat out misrepresentation. Lee Decl. at ¶ 4. With respect to the District Court's order – Exhibit H to the

Second Request – this decision is readily available on PACER and identification of the case and docket numbers are sufficient to present the matter to the Court without the need for motion practice.

## II.    Defendants Are Attempting To Sneak Additional Argument In Through The Back Door Of A Motion For Judicial Notice.

Defendants' real purpose in filing their motion is to sneak in additional argument on their reply because they were at the 25 page limit of the permissible brief length under the D.C. District Court Local Rules. *See* LCvR7(e). In the Second Request, Defendants claim that the District court's order in *Tah v. Global Witnes* shows that the court "**effectively** dismiss[ed] the case with prejudice." Second Request at 2 (emphasis added). However, the order did no such thing. Contrary to Defendants' misstatement, the District Court pointedly did **not** dismiss plaintiff's case with prejudice. *Tah v. Global Witness*, 413 F. Supp. 3 at 15. This Court has instructed that "dismissal with prejudice is warranted **only** when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C.Cir.1996) (internal quotation marks omitted)(emphasis added). Such a determination is nowhere to be found in the District Court's opinion or in the order for which judicial notice is sought. The Supreme Court has held that a dismissal that does not specify whether it is with or without prejudice leaves open subsequent litigation even after appeal. *United States v. Lucchese*, 365 U.S. 290, 291 (1961)("such a form of dismissal does not bar a subsequent proceeding"). Defendants simply ignore this precedent.

## III.    The Court Cannot Take "Judicial Notice" Of Unauthenticated Hearsay "Rebuttal Evidence."

Judicial notice is plainly inappropriate for unauthenticated documents Defendants offer as substantive "rebuttal evidence." Second Request at 3. *See, e.g., Melong v. Micronesian Claims Comm'n*, 643 F.2d 10, 12 (D.C. Cir. 1980)(refusing to take judicial notice of unauthenticated

material and noting that "judicial notice was never intended to permit. . .introduction of substantive evidence"); *Peart v. Latham & Watkins LLP*, 985 F. Supp. 2d 72, 81 (D.D.C. 2013)("inappropriate" to take judicial notice of document "riddled with hearsay"). The Second Request should be denied for these reasons alone.

Defendants' use of substantive "rebuttal evidence" suggest they are doing everything in their power to distract the Court from the defamatory implications that can reasonably be drawn from Plaintiff's allegations at the pleading stage and are attempting to convert their motion into one for summary judgment. *See Benjamin v. Consol. Edison Co. of New York, Inc.*, No. 17-CV-1720 (JMF), 2018 WL 1406620, at *2 (S.D.N.Y. Mar. 20, 2018)( "[I]t is improper for the Court to consider extrinsic evidence attached to a motion to dismiss without converting the motion to dismiss to a motion for summary judgment"). If the Court were to consider Defendants' extrinsic evidence, it would be required to convert the motion to one for summary judgement and ensure the parties have a reasonable opportunity to present "all material pertinent to such a motion[.]" *Bastin v. Fed. Nat'l Mortgage Ass'n*, 104 F.3d 1392, 1395 (D.C.Cir.1997); *Brown v. Dorsey & Whitney, LLP*, 267 F.Supp.2d 61, 68 (D.D.C.2003). The court must notify the parties of the conversion and allow them an opportunity to supplement the record. *See Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267–68 (11th Cir.2002). If Defendants are seeking to have the Court convert their motion to one for summary judgment through the introduction of substantive "rebuttal evidence," this strategy is misguided

Unauthenticated hearsay tweets are not the type of incontrovertible factual evidence of which the Court may take judicial notice or that can be used in support of a motion for summary judgment. *Konah v. D.C.*, 971 F. Supp. 2d 74, 80 (D.D.C. 2013)("unsworn, unauthenticated documents cannot be considered on a motion for summary judgment and sheer hearsay. . .counts for nothing"). Moreover, as commentators have noted, social media e-hearsay is intrinsically

unreliable and should be subject to stringent limitations. *See* Liesa L. Richter, *Don't Just Do Something!: E-Hearsay, the Present Sense Impression, and the Case for Caution in the Rulemaking Process*, 61 Am. U. L. Rev. 1657, 1661 (2012)(urging amendment of present sense exception to hearsay rule to prevent the "free flow of social media e-hearsay into the trial process. . .due to the inherent unreliability of tweets").

Regardless of the their strategic aims, Defendants fail to offer any persuasive argument for judicially noticing unauthenticated hearsay "rebuttal evidence" and rely instead on two inapposite cases. Defendants first cite *Farah v. Esquire Magazine*, 863 F. Supp. 2d 29, 35 (D.D.C. 2012) for the proposition that the Court may take judicial notice of "various internet postings" where "[t]he fact that these internet postings were made and their written content is not disputed." Second Request at 3. However, the postings at issue in *Farah* were not presented as "evidence" "rebutting" a claim of defamation, but simply to establish factual matters that were not in dispute, such as that Joseph Farah published on the conservative site WND. *See, e.g.*, *Farah v. Esquire Magazine*, 11-cv-1170, Dkt. 4-1 at 5. Not a single one of the Internet postings was presented as substantive rebuttal of plaintiffs' claim of defamation, which would have been absurd on a motion to dismiss.

Defendants then misleadingly cite *Fairbanks v. Roller*, 314 F. Supp. 3d 85, 89 (D.D.C. 2018). In that case, the court took judicial notice of the fact that a picture of plaintiff making the "ok" hand signal existed on the Internet. *Id.* But that fact was not in dispute, and had nothing to do with the **substance** of the dispute: whether it was defamatory to claim that the ok hand signal was being used as a "white power" symbol. *Id.* Here Defendants are asking the Court to consider extrinsic, unauthenticated hearsay evidence for the substantive purpose of determining whether it was defamatory to imply that Plaintiff was a white nationalist outlaw or whether there is any

basis for Defendant's defamatory allegations that Mr. Couch had stated Joe Capone was

conspiring with Hilary Clinton. Dkt. 51. at 20, 26, 27. Such an approach is plainly inappropriate.[1]

## CONCLUSION

For the reasons set forth above, the Court should deny Defendants' Second Request for

Judicial Notice.

Dated: April 7, 2021

> /s/ Eden Quainton_____
> EDEN P. QUAINTON, ESQ. (D.C. Bar No. NY0318)
> DUNNINGTON, BARTHOLOW & MILLER, LLP
> 230 Park Avenue, 21st Floor
> New York, NY 10169
> Telephone: (212) 682-8811
> E-mail: equainton@dunnington.com
> *Attorneys for Plaintiff Matthew Couch*

---

[1] Of course, even on their face, the proffered tweets provide no justification for Defendants' smears of Plaintiff or the false claim that Plaintiff stated Joe Capone had conspired with Hilary Clinton.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on April 7 2021, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Verizon Communications, Inc. and Michael Isikoff.

### DUNNINGTON, BARTHOLOW & MILLER, LLP

*/s/ Eden Quainton*_____
EDEN P. QUAINTON, ESQ.
230 Park Ave. 21st Floor
New York, New York 10169
Telephone: (212) 682-8811
E-mail: equainton@gmail.com
*Attorneys for Plaintiff Matthew Couch*

- 6 -