## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

**MATTHEW COUCH,**

**Plaintiff,**

**v.**

**VERIZON COMMUNICATIONS, INC., MICHAEL ISIKOFF, NATIONAL PUBLIC RADIO, INC., AARON RICH, DEBORAH SINES, JOE CAPONE, and MARK MUELLER,**

**Defendants.**

---

**Case No. 1:20-cv-2151**

---

### ANSWER OF DEFENDANT NATIONAL PUBLIC RADIO, INC.

Defendant National Public Radio, Inc. ("NPR"), by and through its undersigned attorneys, hereby submits its Answer to the Complaint by Plaintiff Matthew Couch.  NPR denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer.

### RESPONSES TO THE NUMBERED PARAGRAPHS

### Response to Introduction[1]

1.      NPR denies each of the allegations in this paragraph except as specifically admitted as follows.  NPR admits that Yahoo News published in 2020 a six-part podcast titled "Conspiracyland" hosted by Defendant Michael Isikoff.  NPR further admits, based on publicly available information, that at the time of publication Verizon was the ultimate corporate parent of Yahoo News.  NPR further admits, based on publicly available information, that at the time of

---

[1] For ease of reference, NPR's Answer replicates the section headings contained in the Complaint.  Although NPR believes no response to the headings is required, to the extent a response is required and such headings could be construed as factual allegations, NPR denies all of them. The paragraph numbers in this Answer correspond to those in the Complaint.

publication Plaintiff Matthew Couch was identified as the publisher of a blog named the "DC Patriot" and had a Twitter account.  NPR further admits that Seth Rich was a Democratic National Committee employee who was shot to death in the early morning hours of July 10, 2016, and that Aaron Rich is his brother.  NPR states that the contents of Conspiracyland and the other publications at issue in this action speak for themselves, and refers the Court to them for an accurate determination of their contents, but denies that any of the contents at issue in this action were defamatory.  NPR lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegation that Plaintiff is a "conservative commentator with over 400,000 Twitter followers," and on that basis, denies it.  NPR denies the remaining allegations in this paragraph.

2.      Denied.

3.      NPR states that Plaintiff has made, and since retracted, false statements to the effect that Aaron Rich worked with his brother to download DNC emails and provide them to Wikileaks and had received payment from Wikileaks.  NPR denies the remaining allegations in this paragraph.

4.      Denied.

5.      Denied.

## RESPONSE TO PARTIES

6.      NPR admits, based on publicly available information, that, at the time of publication of the statements at issue in this action, Plaintiff Matthew Couch was identified as the publisher of a blog named the "DC Patriot" and had a Twitter account.  NPR lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the remaining factual allegations in this paragraph, and on that basis, denies them.

7.      NPR lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations of this paragraph, and on that basis, denies them.

8.      NPR admits that at the time Conspiracyland was published Defendant Michael Isikoff was identified as the Chief Investigative Correspondent for Yahoo News.  NPR lacks sufficient knowledge or information to form a belief regarding the truth or falsity of allegations in this paragraph regarding where Isikoff works and resides, and on that basis, denies them. NPR denies the remaining allegations in this paragraph.

9.      NPR admits that it is a nonprofit corporation organized under the laws of the District of Columbia, headquartered at 1111 North Capitol Street NE, Washington, DC 20002. NPR further admits that it competes for and receives grants from the Corporation for Public Broadcasting ("CPB") and other governmental entities, and states that in 2017 it received approximately $1,803,000 in competitive grants from the CPB and approximately $156,647 in competitive grants from other federal agencies.  NPR further admits that its 2017 annual report is currently available online at https://media.npr.org/documents/about/annualreports/2017_Annual_Report.pdf**.**  This paragraph contains legal conclusions to which no response is required.  NPR denies the remaining allegations in this paragraph that are not specifically admitted.

10.     NPR admits that Aaron Rich is the brother of Seth Rich, who was shot to death in Washington, D.C. on July 10, 2016.  NPR lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the remaining factual allegations in this paragraph, and on that basis, denies them.

11.     NPR admits that Deborah Sines was an Assistant U.S. Attorney in charge of the Seth Rich murder investigation, but lacks sufficient knowledge or information to form a belief

regarding the truth or falsity of the remaining factual allegations in this paragraph, and on that basis, denies them.

14.    NPR admits, based on publicly available information, that Joe Capone is a former manager of Lou's City Bar in Washington, D.C., and that Seth Rich is believed to have patronized that establishment on the night he was killed.  NPR lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the remaining factual allegations in this paragraph, and on that basis, denies them.

13.    NPR admits that Michael Mueller was a neighbor of Seth Rich who identified Seth Rich, but lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the remaining factual allegations in this paragraph, and on that basis, denies them.

## RESPONSE TO JURISDICTION AND VENUE

14.    This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, NPR denies the allegations in this paragraph.

15.    Denied, except state that to the extent this paragraph contains the legal conclusion that personal jurisdiction over Verizon exists, no response by NPR is required.

16.    NPR admits that its headquarters are in Washington, D.C.  The remainder of this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, NPR denies the allegations in this paragraph except as they are specifically admitted.

17.    NPR denies that Isikoff made defamatory statements, but states that to the extent this paragraph contains legal conclusions regarding personal jurisdiction over Defendant Michael Isikoff, no response by NPR is required.  If a response is required, NPR states that it lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations and thus denies these allegations..

18.     NPR denies that Defendants made defamatory statements, but to the extent this paragraph contains legal conclusions regarding personal jurisdiction over Defendant Aaron Rich, who is no longer a party to this action, no response by NPR is required.  If a response is required, NPR states that it lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations and thus denies these allegations..

19.     NPR denies that Defendant Deborah Sines made defamatory statements, but to the extent this paragraph contains allegations and legal conclusions regarding personal jurisdiction over Defendant Deborah Sines, who is no longer a party to this action, no response by NPR is required.  If a response is required, NPR states that it lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations and thus denies these allegations..

20.     NPR denies that Defendant Joe Capone made defamatory statements, but to the extent this paragraph contains allegations and legal conclusions regarding personal jurisdiction over Defendant Joe Capone, no response by NPR is required.  If a response is required, NPR states that it lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations and thus denies these allegations..

21.     NPR denies that Defendant Mark Mueller made defamatory statements, but to the extent this paragraph contains allegations and legal conclusions regarding personal jurisdiction over Defendant Mark Mueller, who is no longer a party to this action, no response by NPR is required.  If a response is required, NPR states that it lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations and thus denies these allegations..

22.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, NPR denies the allegations in this paragraph.

## RESPONSE TO BACKGROUND

23.    Denied, except NPR admits, based on publicly available information, that in an interview broadcast on June 12, 2016, Julian Assange stated that Wikileaks had emails regarding Hillary Clinton that it was preparing to publish.

24.    Denied, except NPR admits that *The Washington Post* published an article by Ellen Nakashima on June 14, 2016 that reported Russian government hackers had penetrated the Democratic National Committee's computer network and had stolen information.

25.    Denied, except NPR admits, based on publicly available information, that former British intelligence agent Christopher Steele compiled information about Donald Trump's ties to Russia, that the Clinton campaign helped fund some of Steele's research, and that Steele's reports were provided to the U.S. intelligence community and to journalists.

26.    Denied, except NPR admits, based on publicly available information, that the so-called Steele "dossier" was provided to the U.S. intelligence community.

27.    Denied, except NPR admits, based on publicly available information, (i) that Mr. Isikoff has stated he received information about and/or a copy of the so-called Steele "dossier" and authored news articles reporting about it; and (ii) that the articles published at the URLs provided in this paragraph contain criticism of Mr. Isikoff's reporting, and refers the Court to those articles for an accurate determination of their contents.

28.    Denied, except NPR admits that Mr. Isikoff and co-author David Corn published a book titled *Russian Roulette, The Inside Story of Putin's War on America*.

29.    Denied, and NPR states that the book *Russian Roulette* speaks for itself and denies Plaintiff's characterization of the work as a "fairy tale."

30.    Denied.

31.     NPR admits that at the time of the 2016 election, James Comey was serving a 10-year term as head of the Federal Bureau of Investigation.  NPR lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the remaining factual allegations in this paragraph, and on that basis, denies them.

32.     NPR admits that John Brennan served as director of the Central Intelligence Agency.  NPR lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the remaining factual allegations in this paragraph, and on that basis, denies them.

33.     Denied.

34.     Denied, except NPR lacks sufficient knowledge or information sufficient to form a belief as to the truth or falsity of this paragraph's allegations regarding the content of classified documents, and on that basis, denies those allegations.

### RESPONSE TO "ISIKOFF'S INTEREST IN SPREADING LIES ABOUT COUCH"

35.     Denied.

### RESPONSE TO "MATT COUCH'S INVESTIGATION INTO THE SETH RICH MURDER"

36.     NPR lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the factual allegations in this paragraph, and on that basis, denies them.

37.     NPR lacks sufficient knowledge or information to form a belief regarding the truth or falsity of what Plaintiff alleges in this paragraph that he "noticed," and on that basis, denies those allegations.  The remainder of this paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, NPR denies the allegations in this paragraph.

38.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

**RESPONSE TO "THE PLAN TO DESTROY MATT COUCH AND INDEPENDENT VOICES CHALLENGING THE BRENNAN CONSPIRACY THEORY"**

39.     NPR admits that Special Counsel Robert S. Mueller, III issued the "Report On The Investigation Into Russian Interference In The 2016 Presidential Election" in March 2019, and that report concluded that Assange had falsely implied Seth Rich was the source of the stolen Democratic National Committee documents.  NPR denies that the Mueller report's conclusions regarding Seth Rich were "[w]ithout any evidence" or "preposterous."  NPR further states that the report is available at https://www.justice.gov/archives/sco/file/1373816/download and speaks for itself, and refers the Court to it for an accurate determination of its contents.  NPR denies the remaining allegations in this paragraph.

40.     Denied.

**RESPONSE TO "ISIKOFF USES HIS CONSPIRACY LAND PODCAST TO DEVELOP A HUB AND SPOKE CONSPIRACY THEORY TO DESTROY PLAINTIFF"**

41.     Denied, except NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.

42.     Denied, except NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.

43.     Denied, except NPR lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the amorphous allegations regarding Rogers' growth or Walmart's size.

44. NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents. To the extent a response is required, NPR denies the allegations in this paragraph.

45. NPR denies that Rod Wheeler was the "Rich family private investigator," as he was enlisted and paid by Ed Butowsky. NPR further states that Wheeler later recanted the statement quoted in this paragraph. NPR lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the remaining allegations in this paragraph regarding the "separate points being made by Plaintiff in this clip," and on that basis, denies them.

46. No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted. To the extent that a response is required, NPR denies the allegations in this paragraph.

47. Denied.

48. Denied.

49. Denied, except NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.

50. No response to this paragraph and subparagraphs a-d is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted. To the extent that a response is required, NPR denies the allegations in this paragraph and these subparagraphs.

51. No response to this paragraph or footnote 1 is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that

Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  Moreover, this paragraph and footnote 1 contain legal conclusions to which no response is required.  To the extent that a response is required, NPR denies the allegations in this paragraph and footnote 1, except NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.

52.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

53.     NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.  To the extent that a response is required, NPR denies the allegations in this paragraph.

54.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  Moreover, this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, NPR denies the allegations in this paragraph.

**RESPONSE TO "ISIKOFF USES AND COLLABORATES WITH AARON'S ATTORNEY AND AGENT TO SMEAR AND DEFAME PLAINTIFF"**

55.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

56.     No response to this paragraph and subparagraphs e-h is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response to this paragraph and these subparagraphs is required, NPR denies the allegations in this paragraph and these subparagraphs.

57.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

58.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  Moreover, this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, NPR denies the allegations in this paragraph.

59.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

60.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  Moreover, this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, NPR denies the allegations in this paragraph.

61.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

62.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

63.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

64.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

65.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  Moreover, this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, NPR denies the allegations in this paragraph.

66.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich

took money from Wikileaks were false and based on the statements of one source who had recanted.  Moreover, this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, NPR denies the allegations in this paragraph.

67.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

68.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  Moreover, this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, NPR denies the allegations in this paragraph.

69.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

70.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

71.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich

took money from Wikileaks were false and based on the statements of one source who had recanted. To the extent that a response is required, NPR denies the allegations in this paragraph.

72.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted. To the extent that a response is required, NPR denies the allegations in this paragraph.

73.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted. To the extent that a response is required, NPR denies the allegations in this paragraph.

74.     NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, NPR denies the allegations in this paragraph.

75.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted. To the extent that a response is required, NPR denies the allegations in this paragraph.

76.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted. Moreover, this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, NPR denies the allegations in this paragraph.

77.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

78.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

79.     Denied, except NPR admits that the quoted definition of "Internet troll" appeared in an article at the listed URL, which has since been disabled.  NPR further states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.

80.     Denied, except NPR admits that at the time this lawsuit was filed, Plaintiff was identified as the publisher of a blog called the DC Patriot.

81.     Denied.

82.     No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

83.     Denied, except NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.

84.     Denied.

85.     Denied.

86.     Denied, except NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.

87.     No response to this paragraph is required because Couch has since dropped any claims regarding statements by or about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

88.     No response to this paragraph is required because Couch has since dropped any claims regarding statements by or about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

89.     No response to this paragraph is required because Couch has since dropped any claims regarding statements by or about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

90.     No response to this paragraph is required because Couch has since dropped any claims regarding statements by or about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

91.     No response to this paragraph is required because Couch has since dropped any claims regarding statements by or about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  Moreover, this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, NPR denies the allegations in this paragraph.

**RESPONSE TO "ISIKOFF USES AND COLLABORATES WITH DEBORAH SINES TO SMEAR AND DEFAME PLAINTIFF"**

92.     No response to this paragraph is required because Couch has since dropped any claims regarding statements by Deborah Sines or by or about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph, except it admits that Deborah Sines was an Assistant U.S. Attorney in charge of the Seth Rich murder investigation.

93.     No response to this paragraph is required because Couch has since dropped any claims regarding statements by Deborah Sines or by or about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

94.     No response to this paragraph is required because Couch has since dropped any claims regarding statements by Deborah Sines or by or about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

95.     No response to this paragraph is required because Couch has since dropped any claims regarding statements by Deborah Sines or by or about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  Moreover, this paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, NPR denies the allegations in this paragraph.

96.     No response to this paragraph is required because Couch has since dropped any claims regarding statements by or about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  Moreover, this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, NPR denies the allegations in this paragraph.

97.     No response to this paragraph is required because Couch has since dropped any claims regarding statements by Deborah Sines or by or about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

98.     No response to this paragraph is required because Couch has since dropped any claims regarding statements by Deborah Sines or by or about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

99.     No response to this paragraph is required because Couch has since dropped any claims regarding statements by or about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph.

100.    Denied, except NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.

101.    Denied, except NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.

102.     Denied, except NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.

**RESPONSE TO "ISIKOFF USES AND COLLABORATES WITH JOE CAPONE TO SMEAR AND DEFAME PLAINTIFF"**

103.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, NPR denies the allegations in this paragraph.

104.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, NPR denies the allegations in this paragraph.

105.     NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.  The remainder of this paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, NPR denies the allegations in this paragraph.

106.     NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.  The remainder of this paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, NPR denies the allegations in this paragraph.

107.     NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.  The remainder of this paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, NPR denies the allegations in this paragraph.

108.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, NPR denies the allegations in this paragraph.

109.     NPR states that the audio and transcript of this interview of Mr. Iskoff by Steve Inskeep are available at https://www.npr.org/2019/07/11/740608323/the-origins-of-the-seth-rich-

conspiracy-theory.  NPR further states that the recording and transcript speak for themselves, and directs the Court to them for an accurate determination of their contents.

110.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, NPR denies the allegations in this paragraph.

111.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, NPR denies the allegations in this paragraph.

112.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, NPR denies the allegations in this paragraph.

**RESPONSE TO "ISIKOFF USES AND COLLABORATES WITH MARK MUELLER TO SMEAR AND DEFAME PLAINTIFF"**

113.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, NPR denies the allegations in this paragraph.

114.    NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.  The remainder of this paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, NPR denies the allegations in this paragraph.

115.    NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.  To the extent Plaintiff's characterizations of the questions and answers referenced in this paragraph require a response, NPR denies them.

116.    NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.  The remainder of this paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, NPR denies the allegations in this paragraph.

117.    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, NPR denies the allegations in this paragraph.

118.    Denied.

119.    NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.  The remainder of this paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, NPR denies the allegations in this paragraph.

120.    NPR directs the Court to the record in *Rich v. Butowsky, et al.*, No. 18-cv-1191, for an accurate determination of Plaintiff's representations to this Court in that case.  NPR lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph regarding Plaintiff's thoughts and motivations, and on that basis, denies them.  The remainder of this paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, NPR denies the allegations in this paragraph.

121.    NPR denies that Plaintiff's apology to Aaron Rich and his retraction of the false allegations he made against Aaron Rich were not admissions of wrongdoing.  NPR lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph regarding Plaintiff's thoughts and motivations, and on that basis, denies them.  The remainder of this paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, NPR denies the allegations in this paragraph.

122.    NPR lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph, and on that basis, denies them.

123.    NPR states that Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were

false and based on the statements of one source who had recanted.  The remainder of this paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, NPR denies the allegations in this paragraph.

**RESPONSE TO "ISIKOFF WRAPS UP CONSPIRACY LAND WITH FINAL SMEARS OF COUCH"**

124.    NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.  The remainder of this paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, NPR denies the allegations in this paragraph.

125.    NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.  The remainder of this paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, NPR denies the allegations in this paragraph.

126.    NPR states that this episode of "Conspiracyland" speaks for itself, and directs the Court to the episode for an accurate determination of its contents.  The remainder of this paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, NPR denies the allegations in this paragraph.

127.    No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies these allegations.

## RESPONSE TO "NPR REPUBLISHES AND REBROADCASTS ISIKOFF'S LIES"[2]

128.     NPR incorporates by reference its responses to the foregoing paragraphs.

129.     NPR admits that the episode of *Fresh Air* that first aired on August 8, 2019, included an interview with Isikoff in which Isikoff discussed the "Conspiracyland" podcast. NPR denies the remaining allegations of this paragraph.

130.     NPR states that the audio and a transcript of this interview are available at https://www.npr.org/2019/08/08/749392506/conspiracyland-debunks-theories-about-murder-of-dnc-staffer-seth-rich, and directs the Court to the audio and transcript for an accurate determination of their contents.  The remainder of this paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, NPR denies the allegations in this paragraph.

131.     NPR states that the audio and a transcript of this interview are available at https://www.npr.org/2019/08/08/749392506/conspiracyland-debunks-theories-about-murder-of-dnc-staffer-seth-rich, and directs the Court to the audio and transcript for an accurate determination of their contents.  The remainder of this paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, NPR denies the allegations in this paragraph.

132.     Denied.

133.     Denied.

134.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, NPR denies these allegations.

---

[2] To the extent that this heading makes any factual allegations, NPR expressly denies them.

**RESPONSE TO FIRST CAUSE OF ACTION**
**DEFAMATION**
**(against all Defendants)**

135.    NPR incorporates by reference its responses to the foregoing paragraphs.

136.    NPR denies the allegations in this paragraph and subparagraphs a-q.

137.    This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, NPR denies the allegations in this paragraph.

138.    Denied.

139.    Denied.

140.    No response to this paragraph is required because Couch has since dropped any claims regarding statements about Aaron Rich and admitted that his allegations that Aaron Rich took money from Wikileaks were false and based on the statements of one source who had recanted.  To the extent that a response is required, NPR denies the allegations in this paragraph

141.    NPR lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the factual allegations in this paragraph, and on that basis, denies them.  The remainder of this paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, NPR denies the allegations in this paragraph.

142.    Denied.

**RESPONSE TO SECOND CAUSE OF ACTION**
**DEFAMATION PER SE**
**(against all Defendants)**

143.    NPR incorporates by reference its responses to the foregoing paragraphs.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

### RESPONSE TO THIRD CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against all Defendants)

150.    NPR incorporates by reference its responses to the foregoing paragraphs.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

### RESPONSE TO FOURTH CAUSE OF ACTION
### FALSE LIGHT
### (against all Defendants)

157.    NPR incorporates by reference its responses to the foregoing paragraphs.

158.    Denied.

159.    Denied.

### RESPONSE TO FIFTH CAUSE OF ACTION
### CIVIL CONSPIRACY FOR ALL ALLEGED TORTS
### (against all Defendants)

160.    NPR incorporates by reference its responses to the foregoing paragraphs.

161.    Denied.

162.    Denied.

163.    No response to this paragraph is required because it does not concern NPR.  To the extent a response is required, NPR denies the allegations in this paragraph.

164.    Denied.

165. Denied.

166. Denied.

167. Denied.

### RESPONSE TO SIXTH CAUSE OF ACTION
### AIDING AND ABETTING FOR ALL ALLEGED TORTS
### (Against All Defendants)

168. NPR incorporates by reference its responses to the foregoing paragraphs.

169. No response to this paragraph is required because it does not concern NPR.  To the extent a response is required, NPR denies the allegations in this paragraph.

170. No response to this paragraph is required because it does not concern NPR.  To the extent a response is required, denies the allegations in this paragraph.

171. Denied.

172. Denied.

### RESPONSE TO SEVENTH CAUSE OF ACTION
### INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS
### (Against All Defendants)

173. NPR incorporates by reference its responses to the foregoing paragraphs.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

### RESPONSE TO EIGHTH CAUSE OF ACTION
### NEGLIGENT SUPERVISION AND RETENTION
### (Against Verizon and NPR)

178. NPR incorporates by reference its responses to the foregoing paragraphs.

179. No response to this paragraph is required because it does not concern NPR.  To the extent a response is required, NPR admits based on publicly available information that at the

time of the publications at issue, Isikoff was an employee of Yahoo News, whose ultimate corporate parent was Verizon.

180.    No response to this paragraph is required because it does not concern NPR.  To the extent a response is required, NPR lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, denies them.

181.    No response to this paragraph is required because it does not concern NPR.  To the extent a response is required, NPR lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, denies them.

182.    No response to this paragraph is required because it does not concern NPR.  To the extent a response is required, NPR lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, denies them.

183.    No response to this paragraph is required because it does not concern NPR.  This paragraph consists of conclusion to which no response is required.  To the extent a response is required, NPR denies these allegations.

184.    NPR admits that Terry Gross is host of the popular radio show *Fresh Air* and further admits that NPR distributes *Fresh Air.*  NPR denies the remaining factual allegations in this paragraph.

185.    Denied.

186.    Denied.

187.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, NPR denies the allegations in this paragraph.

188.    Denied.

189.    Denied.

190.    Denied.


## PRAYER FOR RELIEF

NPR denies that Plaintiff is entitled to any of the relief requested or that NPR is in any way liable for any cause of action alleged in the Complaint.  NPR respectfully requests that the Court enter judgment on its behalf and award NPR such other and further relief as it deems just.

## DEFENSES

Without assuming any burden of proof that it would not otherwise bear, NPR asserts the following defenses, all of which are pleaded in the alternative:

### FIRST DEFENSE

The Complaint fails to state any claim on which relief may be granted.

### SECOND DEFENSE

None of the alleged defamatory statements are capable of conveying a defamatory meaning as a matter of law.

### THIRD DEFENSE

The alleged defamatory statements are not false or materially false.

### FOURTH DEFENSE

The alleged defamatory statements are not of and concerning the Plaintiff.

### FIFTH DEFENSE

The alleged defamatory statements were not made with common-law malice or constitutional actual malice (*i.e.*, knowledge of falsity or a subjective awareness of probable falsity).

**SIXTH DEFENSE**

The alleged defamatory statements were not published with negligence or any fault.

**SEVENTH DEFENSE**

The alleged defamatory statements are protected by the "fair comment" privilege.

**EIGHTH DEFENSE**

None of the alleged defamatory statements, when considered as a whole and in context, is capable of conveying a defamatory meaning to a reasonable person.

**NINTH DEFENSE**

The alleged defamatory statements are not assertions of verifiable fact.

**TENTH DEFENSE**

NPR did not intend or endorse any defamatory implication of any challenged statement.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred by the District of Columbia Anti-SLAPP Act, D.C. Code §§ 16-5501, *et seq.*

**TWELFTH DEFENSE**

The publications that are the subject of the complaint are true or substantially true.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred by the incremental harm doctrine.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of neutral reportage.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred by the subsidiary meaning doctrine.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred because the publications at issue provided the factual bases for the alleged defamatory statements to the public who could verify the facts for themselves and draw their own conclusions.

**SEVENTEENTH DEFENSE**

Plaintiff cannot recover for intentional infliction of emotional distress because speech about an issue of public concern cannot be extreme and outrageous conduct as a matter of law.

**EIGHTEENTH DEFENSE**

Plaintiff cannot recover for intentional infliction of emotional distress because he has not pleaded his alleged injuries with particularity.

**NINETEENTH DEFENSE**

None of the publications cast Plaintiff in a false light that would be highly offensive to a reasonable person.

**TWENTIETH DEFENSE**

Plaintiff cannot state a claim for "civil conspiracy" because conspiracy is a theory of liability, not a standalone tort under District of Columbia law.

**TWENTY-FIRST DEFENSE**

Plaintiff cannot state a claim for "aiding and abetting" because aiding and abetting is a theory of liability, not a standalone tort under District of Columbia law.

**TWENTY-SECOND DEFENSE**

Plaintiff cannot state a claim for intentional interference with business relations because he cannot identify any business relationship with which NPR interfered.

**TWENTY-THIRD DEFENSE**

Plaintiff cannot state a claim for negligent supervision and retention because there is no duty under District of Columbia law of a news organization to prevent an employee from making defamatory statements.

**TWENTY-FOURTH DEFENSE**

Terry Gross is not an employee, agent, or contractor of NPR, so NPR is not directly or vicariously liable for any conduct alleged regarding her.

**TWENTY-FIFTH DEFENSE**

NPR is not a proper party because it does not produce *Fresh Air* and is not directly or vicariously liable for the content of *Fresh Air.*

**TWENTY-SIXTH DEFENSE**

Plaintiff cannot recover special damages because he failed to plead special damages with particularity.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's claims are barred by issue preclusion by the Court's Memorandum Opinion granting the motion to dismiss of Defendants Verizon Communications, Inc. and Michael Isikoff (Dkt. 60).

**TWENTY-EIGTH DEFENSE**

Plaintiff's claims are barred by claim preclusion by the Court's Memorandum Opinion granting the motion to dismiss of Defendants Verizon Communications, Inc. and Michael Isikoff (Dkt. 60).

**TWENTY-NINTH DEFENSE**

Plaintiff is not entitled to recover any punitive damages because the Complaint fails to plead facts sufficient to support the recovery of punitive damages.

**THIRTIETH DEFENSE**

Plaintiff is not entitled to recover any punitive damages because any such award would violate NPR's rights to due process and/or equal protection under the law and under the United States Constitution.

**THIRTY-FIRST DEFENSE**

Plaintiff's claims are barred or diminished because Plaintiff failed, refused, or neglected to take reasonable steps to mitigate his damages, if he has any.

**THIRTY-SECOND DEFENSE**

Plaintiff's claims are barred because any damages he suffered were caused by his own actions, omissions or wrongdoing.

**THIRTY-THIRD DEFENSE**

Plaintiff's claims are barred because he has not suffered any recoverable damages.

**THIRTY-FOURTH DEFENSE**

The Complaint seeks remedies that are unavailable under federal, District of Columbia, and common law.

**THIRTY-FIFTH DEFENSE**

Plaintiff has failed to state a claim for attorneys' fees, and no attorneys' fees are allowed by law.

**THIRTY-SIXTH DEFENSE**

Plaintiff's claims are barred by 47 U.S.C. § 230.

**THIRTY-SEVENTH DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**THIRTY-EIGHTH DEFENSE**

The publications that are the subject of the Complaint are protected by the First

Amendment to the United States Constitution and the common law.

**THIRTY-NINTH DEFENSE**

NPR is not liable because it reasonably relied on statements by a reputable publisher and

journalist.

**FORTIETH DEFENSE**

The Complaint should be dismissed because it fails to make a "short and plain statement

of the claim showing the pleader is entitled to relief," in violation of Federal Rule of Civil

Procedure 8(a)(2).

**FORTY-FIRST DEFENSE**

NPR reserves the right to assert additional defenses that may become applicable during the

course of this litigation.


Dated: October 14, 2021                    BALLARD SPAHR LLP


                                           By:   _/s/ Matthew E. Kelley_____

                                           Matthew E. Kelley (D.C. Bar No. 1018126)
                                           kelleym@ballardspahr.com
                                           BALLARD SPAHR LLP
                                           1909 K Street, NW
                                           Washington, D.C. 20006-1157
                                           T: (202) 508-1112
                                           F: (202) 661-2299

David J. Bodney (D.D.C. Bar No. AZ0022)
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004
Tel: (602) 798-5400
Fax: (602) 798-5595
bodneyd@ballardspahr.com

*Counsel for Defendant National Public Radio, Inc.*